Chittenden,
January,
1837.

GEORGE A. ALLEN *v.* A. W. BUTLER, H. L. PEASLEE, DAVID TYLER, and JOSEPH SINCLEAR.

In an action by the sheriff, against the receiptor of goods attached, the latter cannot set up, in defence, a want of the delivery of the goods to him, or that no such goods were attached.

In an action against several joint contractors, if one avails himself of infancy, as a defence, the plaintiff may proceed to judgment against the others, or may enter a *nolle prosequi,* as to to the _infant, and proceed against the others.

This was an action on a receipt, executed to plaintiff, in his official character of sheriff of Chittenden County, for goods and merchandise, taken on a writ of attachment, in favor of Emerson & Harvey, against A. W. Butler and H. L. Peaslee, two of the defendants. The receipt was also signed by L. G. Butler, who was joined in the suit, and pleaded his infancy, specially. The four first defendants pleaded the general issue, with notice. The jury returned a verdict against A. W. Butler, Tyler, Peaslee, and Sinclear, and in favor of L. G. Butler, on his special plea. The defendants introduced evidence, tending to show, that the agents of Emerson & Harvey turned out to the plaintiff, on the aforesaid writs against Butler & Peaslee, a store of goods in Essex, as the property of A. W. Butler & Peaslee, and that the plaintiff took possession of the goods in the store. The receipt in question was executed instead of a receipt for the goods actually in the store. The plaintiff made no inventory of the goods in the store, but returned an attachment of goods specified in the receipt, and gave up the custody of the goods. The defendants also offered evidence, tending to show, that immediately after the goods were taken, as aforesaid, they were, by an agreement of Butler & Peaslee, and the other defendants, put into the possession of David Tyler, and that, thereupon, the receipt in question was executed to the plaintiff. The defendant offered an attachment in favor of Boynton & Brooks, against the said Butler & Peaslee, which was executed in 1833, on the said goods. The attachment was made by Bliss, as plaintiff's deputy, but when Boynton & Brooks obtained their judgment, the execution was put into the plaintiff's hands, who sold some portion of the same goods on the execution, that were taken on the attachment in favor of Emerson & Harvey. This evidence was objected to by the plaintiff, and rejected by the court. The defendants also introduced evidence,

tending to prove, that a portion of the goods, turned out to the plaintiff by the agents of Emerson & Harvey, and of the same description of goods mentioned in the receipt, were subsequently taken out of the possession of Tyler, by the plaintiff, on Boynton & Brooks' attachment. The defendant insisted, that, as the store of goods, formerly owned by Butler & Peaslee, were, in point of fact, the goods actually attached by the plaintiff, and as the delivery of these goods to the defendants was the consideration of the receipt in question, and as the plaintiff had resumed possession of a part of the goods, he was not entitled to recover. They, also, insisted that the receipt was null and void, being an agreement to indemnify the sheriff for a breach of official duty, and further insisted, that if the receipt could be sustained, and the plaintiff was entitled to recover, the amount of the goods so taken, on Boynton & Brooks' attachment, at their cash value when taken, should be deducted from the amount of the judgment recovered by Emerson & Harvey, or, at least, the value of so much of the goods as are described in the receipt. But the court directed the jury to return a verdict for the whole amount of the judgment in favor of Emerson & Harvey. The defendants, A. W. Butler, Peaslee, Tyler, and Sinclear, after verdict against them and in favor of L. G. Butler, filed their motion in arrest of judgment, on the ground that the contract was made jointly by them and L. G. Butler, and so alleged by the plaintiff in his declaration, and, as the plaintiff had failed in proving a joint contract, he was not entitled to recover against any of the defendants. The motion was denied by the Court.

The defendants excepted, and the cause passed to this court.

*J. Maeck, for defendant,* contended, I. That the action could not be sustained. That all bonds, promises, contracts and agreements, the tendency and effect of which were, to induce an officer to neglect his duty, were void, and he cited Chitty on Cont. 221-2  1 Lord Raym. 279. 4 Mass. 370. 1 Caines' Rep. 450. 5 Mass. 385. Do. 541. 2 Vt. Rep. 347, and insisted that the contract declared upon was an indemnity to the officer for a breach of duty.

That it was a fraud upon the creditor. By taking the substituted receipt, the sheriff could not resume the possession of the property, in the event of the receiptors failing.

Chittenden,
January,
1837.

G. A. Allen
*v.*
A. W. Butler
and Others.

II. The defendants ought to have been permitted to show that the sheriff subsequently took and sold the goods he delivered over to them. The delivery of the goods to them was the sole consideration of their contract to plaintiff, and a party cannot recover on a contract, where he has wilfully destroyed the consideration of it. To show the evidence admissible, he cited 2 Johns. 378. 3 do. 319. 5 do. 67. 8 do. 389. 9 do. 310. 11 Mass. 27. 1 Johns. Cas. 145. 3 Caines, 14.

III. That evidence was admissible, to show the plaintiff had subsequently taken and sold a portion of the goods, on the debts of other creditors of B. & P. If the receipt had been for the goods actually attached, there could have been no question. 5 Vt. Rep. 263. The plaintiff ought not to be put upon better grounds, by taking a random receipt than he would have been by taking a real receipt, nor ought the liability of the receiptors to be greater.

IV. The plaintiff is not entitled to judgment on the verdict, unless he recovers against all he sets up as parties to the contract. Though one defendant prevails on a plea of infancy, the rule is the same. 5 Esp. Rep. 47. 4 Taunt. 468. 3 Taunt. 307.

*C. Adams, for plaintiff.*—I. The receipt, executed by the defendants, is evidence that the property, specified therein, was attached by the sheriff and delivered to the defendants. *Jewett* v. *Torry,* 11 Mass. Rep. 219. *Lyman* v. *Lyman,* ibid. 317. *Bridge* v. *Wyman,* 14 do. 190. *Spencer* v. *Williams,* 2 Vt. Rep. 209. *Lowry* v. *Cady,* 4 do. 504.

II. A consequence, resulting from the above proposition is, that any and all other property, owned by the original defendants, is liable to be attached and taken by any other creditor.

III. The fact that the *store of goods* of the original defendants was first taken into possession by the sheriff, is of no importance, as it was immediately abandoned, and, therefore, became liable to claims of creditors, in the same manner, as if it had not been taken into custody.

IV. The store of goods, and all other property of the original defendants, not mentioned in the receipt, being liable to the claims of their creditors, the sheriff was bound to execute the subsequent processes, and, therefore, the taking of the goods, on the attachment of Boynton & Brooks, was not, in law, a resuming of the property specified in the receipt.

V. There is nothing in the point, that the receipt is to be considered as an indemnity for a breach of official duty. The argument defeats itself. It must proceed on the ground, that the sheriff is not bound to take a receipt, in any case, and the consequence would be, that a delivery of goods, actually attached, when the purpose is that they shall remain in the hands of the debtor, would be void.

But this has been too long established to be questioned. So long as property is liable to attachment, it is a convenient practice to allow it to be receipted, and no evil has resulted from it.

VI. We might go further, if the case required it, and, contend that a retaking of the identical property by a *second process* does not release the previous receiptors.

Where property is attached and delivered to a bailiff, it would not be liable to the claims of creditors, for the simple reason, that it is not in the possession of the defendant, but of the sheriff, that is, if attached, it must be subject to the first attachment. But the legal effect of ordinary receipts is that of a replevin. It remains in the possession of the defendant, and those, who join in the receipt, are mere sureties, and not bailiffs of the sheriff.

Whenever the goods are liable to the claims of creditors, the sheriff must take them at his peril, if directed. If they could be taken by a constable, the sheriff would be liable on his refusal. When the sheriff delivers goods to a bailiff, he does not part with the possession, and of course, can retake the goods at pleasure, either with or without the process, but when he parts with the possession, and the goods get back into the hands of the original defendants, whether by a replevin, or on a receipt, they are liable to the claims of creditors, the same as if they had not been attached.

VII. The judgment in favor of Lorin G. Butler, on his plea of infancy, is no ground of defence for the other defendants.

Infancy is a personal privilege, of which none but the infant can take advantage. One defendant cannot plead the personal privilege of a co-defendant in bar. A discharge of one defendant, under the insolvent debtors' act, will not discharge the other. *Nadin* v. *Battie, et al.* 4 East. 147. In *Noke & Chiswell* v. *Ingham*, 1 Wilson, 89, it was said the discharge of one bankrupt is a personal privilege—it did not go to the action, and therefore did not aid the other defendant. The same doctrine was held in *Tooker* v. *Bennett*, 3 Caines' Rep. 4.

Chittenden,
January,
1837.

Allen
v.
Butler et al.

This precise question is well settled in the State of New York. *Van Bramer* v. *Cooper*, 2 Johns. Rep. 279. *Hartness* v. *Thompson*, 5 Johns. do. 160.

The suit was properly ·brought against all, and if Lorin G. Butler had not pleaded his infancy, judgment might' have been rendered against him.

The opinion of the Court was delivered by

WILLIAMS, Ch. J.—It has been settled by repeated adjudications in this state, that, in an action by the sheriff against the receiptor of goods, returned as attached, the latter cannot, in defence, allege the want of a delivery of the goods to him, or that no such goods were attached. He is precluded from such defence, by the acknowledgment in the receipt. However strong · may be the objections against the propriety of the proceeding, on the part of an officer, who returns an attachment of goods, of which he never took the possession, or which never had any existence, yet the persons, who acknowledge in writing the receipt of the goods, described as legally attached, are not permitted to deny the actual receipt, or contest the validity of the attachment. This disposes of the first question presented, as also of the question in relation to the admissibility of the parol evidence offered. The evidence, if admitted, could not avail the defendants.

It did not tend to shew any failure of consideration, or to bring the case within the principles established by the court, in the case of *Beach* v. *Abbott et al.* 4 Vt. Rep. 605. The plaintiff, by the attachment, made at the suit of *Boynton & Brooks* v. *Butler & Peaslee*, did not resume the possession of goods by him formerly attached and delivered to the defendants in this suit, and if any goods were delivered to the present defendants, they were delivered by Butler & Peaslee. The consideration, which passed between the plaintiff and defendants, for the receipt, was the liability of the plaintiff to Emerson and Harvey, the creditors in the first attachment.

The remaining question has never, to our knowledge, been directly decided in this State. It appears that the suit was instituted against five defendants ;—that they severed in their pleas; one of them, viz. Lorin G. Butler, having pleaded infancy. Upon this plea, a verdict was rendered in his favor, and against the other defendants, upon their plea ; and the question

is, whether the plaintiff can take judgment against the other defendants.  It might be of no importance, in this case, to discuss the question, whether the contract of an infant is void, or only voidable ; although it would seem, that the case of *Gibbs* v. *Merrill*, 3 Taunt. 307, can only be supported on the ground that such a contract is voidable.  The cases in England have established, that where an adult and an infant join in a contract, a suit must be brought against the adult alone ; and if he pleads in abatement, that the infant was a party to the contract, and not joined, the plaintiff may reply, that the other contractor was an infant.  *Burgess* v. *Merrill*, 4 Taunt. 468.  If they are joined, and insist on the infancy of one of the defendants, the plaintiff cannot avoid the consequence by entering a *nolle prosequi*, as to the infant.  A different rule prevails, where one of the joint contractors becomes a bankrupt.  1 Wilson, 89.  Chitty has laid down the rule, that where one of the defendants is discharged from liability, by matter *subsequent* to the making of the contract, the plaintiff may recover against the other defendants, and enter a *nolle prosequi* as to him who pleads the discharge.  1 Chitty, 32, 33.  In the notes to 1 Saunders, 207, a. it is said that, if in such actions the defendants sever in their pleas, as where one pleads *some plea, which goes to his personal discharge*, and not to the action of the writ, the plaintiff may enter a *nolle prosequi* as to him, and proceed against the others.  Whether there is any such qualification to the rule " that the plea must be one, going exclusively in personal discharge, and not to the merits, has been questioned by Justice Story, in the case of *Miner* v. *Mechanics' Bank of Alexandria*, 1 Peters, 76.

In England, when one of the joint contractors is discharged by his certificate of bankruptcy, they must all be sued, or the defendant may plead the nonjoinder in abatement.  The plaintiff is not at liberty to anticipate, in the first instance, what may ultimately, perhaps, be a discharge.  *Bovill* v. *Wood*, 2 Maule and Selwyn's Rep. 23.

There seems to be no good reason why the same principle should not apply in the case of infancy.  The plaintiff should not be bound to anticipate, not only that one of his joint contractors may prove to be an infant, but that he will avail himself of that defence.  It would be extremely inconvenient, in a doubtful case as to the age of one of the parties to an instru-

Chittenden,
*January,*
1837.

Allen
*v.*
Butler et al.

ment, that the plaintiff should incur the risk of being able to prove the age, at the hazard of being turned over to a new action. Under our attachment system, something more than a bill of cost frequently is lost, by abandoning one suit for another.

But, whatever may be the rule in England, in this country a rule, better calculated to answer the ends of justice, has been adopted. In *Hartness* v. *Thompson*, 1 Johns. Rep. 160, it was held, that in a suit against three, on a joint contract, where the defendants jointly pleaded *non assumpsit,* and gave in evidence the infancy of one of the defendants, the jury may find a verdict for the infant defendant, and against the others; or the plaintiff may enter a *nolle prosequi* as to the infant, and proceed as to the others. A similar decision has been made in Massachusetts. In the case of *Miner* v. *Mechanics' Bank of Alexandria,* before alluded to, it was decided by the Supreme Court of the United States, in an action against several defendants, on a joint and several bond, who severed in their pleas, that the plaintiff might enter a *nolle prosequi* as to one, and take judgment against the rest. The principle, involved in the case, was fully investigated by the learned Judge, who delivered the opinion of the court, and Judge Johnson, who dissented from the opinion of the court, admitted, that, in a case similar to the one under consideration, the plaintiff might proceed against the adults. His language is, " if this plaintiff ever had a right to " proceed against these four defendants, in originating the suit, " I should have felt no doubt. That is the case in trespass; " that is the case where one defendant is bankrupt, or an infant, " or pleads *ne unques executor.*"

From our examination upon this subject, we are disposed to adopt the rule, which has been adopted in other countries, and to decide, that this action was correctly brought against all the persons named in the receipt, although it might have been commenced against the adults alone;—that one of the joint contractors having availed himself of his infancy, in a separate plea, which has been found in his favor, the plaintiff may take judgment against the other defendants.

The judgment of the County Court is, therefore, affirmed.