#### FOR THE

### COUNTY OF CALEDONIA,

#### MARCH TERM, 1844.

---

##### PRESENT,

Hon. STEPHEN ROYCE,
Hon. ISAAC F. REDFIELD,
Hon. MILO L. BENNETT, } ASSISTANT JUDGES.
Hon. WILLIAM HEBARD,

---

### ELIPHALET ROBERTS v. HECTOR McLEAN.

A joint contractor, who has obtained his discharge in bankruptcy, must nevertheless be joined as defendant in a suit upon the contract, or it will be ground of abatement, or, *Per*, REDFIELD, J., if the defect appear upon the face of any of the pleadings, of demurrer, or arrest of judgment, or writ of error.

In a plea in abatement, in such case, it is not necessary to allege that the joint contractors, who are omitted to be joined, were of full age at the time of entering into the contract.

A plea in abatement, so far as the words used and grammatical construction are concerned, will be construed, according to its most natural intent.

ASSUMPSIT on a promissory note, signed by the defendant and by McLean & Wallace,—a firm consisting of John McLean and Matthew P. Wallace.

Roberts v. McLean.

The plaintiff averred, in his declaration, that, subsequent to the execution of the note and prior to the commencement of this suit, the said Wallace had received his discharge in bankruptcy, under the bankrupt law of the United States, and that the said John Mc-Lean had been declared a bankrupt by the District Court of the United States for the district of Vermont, and such farther proceedings had been had that he was at any time entitled to his discharge in bankruptcy upon his own application.

The defendant pleaded in abatement, "that the supposed promise and undertaking, in said declaration mentioned,—if any such were made,—were made jointly with [the said] John McLean and Matthew P. Wallace, both of whom are still living, and reside in the town of Cabot, in said County of Caledonia, and within the jurisdiction of this court, and did, at the time of the praying out of the plaintiff's writ and this suit, to wit, on the 14th day of November, 1843, and not by the defendant alone." To this plea the plaintiff demurred generally.

The county court rendered judgment that the writ abate; to which decision and judgment the plaintiff excepted.

*C. Davis* for plaintiff.

1. The plea in abatement does not allege that the parties omitted were of age at the time of making the contract, and legally liable thereon to the same extent with the defendant, and that they so continued liable at the time of bringing the suit. All this is equally necessary with the allegation that the parties omitted are resident within this state.

2. The plea does not distinctly and clearly allege that they resided in this state, and within the reach of process, at the time of bringing the suit. Its language is, " both of whom are still living, and reside in the town of Cabot, in said county of, &c., and did at the time of praying out the plaintiff's writ and this suit," &c. Did what? Did live at that time, or did live in Cabot at that time, or did something else at that time? The sentence is imperfect and elliptical, and wholly deficient in the grammatical precision and certainty essential in a plea in abatement.

3. But, if the court should consider these objections to the form and structure of the plea insufficient to defeat it, we come to

77

consider whether the facts set forth in the declaration do not render the contract so far several, that the plaintiff is at liberty to proceed against the defendant alone,—at least by suggesting in the writ the bankruptcy of a part of the co-obligors. This course was adopted in analogy to the statute provision, which renders joint contracts several as well as joint, in case one, or more, of the contractors resides out of the State. It is at least as effectual as the statement of the same matters in a replication to the plea, if not more so. In England, it is admitted, the bankruptcy of one joint contractor does not obviate the necessity of making him a party, and, if not done, the writ will abate. 1 Ch. Pl. 31, 35. 2 M. & S. 23, 444. 4 Taunt. 326. 6 Taunt. 179.

In the case of infancy, coverture, &c., it is said they need not be joined; and, if abatement for the non-joinder be pleaded, the plaintiff may reply these matters, and thus obviate the plea. It is not easy to see any solid ground for this distinction, at least so far as infancy is concerned; for it is far from being true that all the contracts of infants are void; and it can no more be predicated of them, than of bankrupts, that they will put forward these matters in defence; and, if they should not, it is, as a general rule, as true in the one case as in the other that the judgment could not be impeached, at least if proper notice were given. In England, too, it is, or was, settled, that, in a joint suit, when one defendant interposed infancy as a defence, the effect was to drive the plaintiff to a nonsuit as to all; 1 Ch. Pl. 35; but this inconvenient doctrine has been justly repudiated in Massachusetts, New York, and in this state. *Hartness* v. *Thompson*, 5 Johns. 160. 20 Ib. 160. 15 Ib. 483. 2 M. & S. 444. *Woodward* v. *Newhall*, 1 Pick. 500. 1 Pet. 46, 316.

It is difficult to perceive why the same considerations of general convenience do not operate as strongly in the case of bankruptcy, as in that of infancy. 1 Saund. R. 207, n. 2. 1 Wils. 89. In *Minor* v. *Mech. Bank of Alexandria*, 1 Pet. 46. JOHNSON, J., expressly puts the two cases on the same footing, and says that the plaintiff may either omit infants, and bankrupts, or may enter a *nol. pros.* as to them, if he has included them in the suit. The opinion was a dissenting one, indeed; but the points of difference between him and the other members of the court did not at all involve this question. It seems consonant with reason and good sense, that a

plaintiff should be permitted to treat, in the outset, a contract as several, which he may so treat in the progress of the suit; or, in other words, that whatever impediment, however originating, will justify a *nol. pros.* as to some, and a recovery as to the rest, will equally justify the omission of the former altogether from the suit.

There are several cases, in which courts have treated a contract joint only in terms, as if it were joint and several, besides the one provided for by statute, already adverted to. If a return of *non est inventus* be made as to part, although they do not reside without the State, it is regarded as a severance, and the suit proceeds against those served with process. If the parties sever in their pleadings, the effect is to invest the plaintiff with the right of discontinuing as to part, and proceeding as to the rest. Why should not the occurrence of any circumstance, which places a part in a different relation to the plaintiff from the rest, give him the right to act upon that altered relation, and treat them, as they may treat him, as standing in different attitudes with respect to each other? No inconvenience, that I am aware of, can result from such a principle.

*J. A. Wing* for defendant.

1. Wallace should have been joined in the suit. Bankruptcy is a personal privilege, and cannot be taken advantage of, except by the bankrupt himself. 1 Ch. Pl. 48–52. *Allen* v. *Butler et al.,* 9 Vt. 122. It is settled by the common law, that all joint contractors must be made defendants in a suit upon the contract; 1 Ch. Pl. 48, 52; and this is incorporated into our law; 9 Vt. 122. In England, by statute of 3 & 4 William IV, c. 42, § 9, cited in 3 Ch. Pract. 398, it is enacted that the plaintiff need not join, as defendant, any person, who has been discharged under the bankrupt or insolvent law; but this statute is no part of the common law.

2. John McLean should have been joined as defendant; he, not having obtained his certificate, could not plead his discharge himself, and the plaintiff cannot plead it for him. Lawes' Pl. 703.

The opinion of the court was delivered by

REDFIELD, J. It is believed there is not much ground of controversy in regard to what the English law is upon this subject. It is

not contended in argument that this plea, in regard to its merits, is not well founded, if we regard the rule of the English law upon the subject. But it is said, that, having qualified the English rule upon this subject in regard to *infant* joint contractors, (*Allen* v. *Butler* 9 Vt. 122,) we should, also, as to certificated bankrupts, or those ready to be certificated, as is the fact in regard to one of the joint contractors in the present case, as appears from the declaration.

There certainly is convenience in the American practice in regard to infant joint contractors, who are joined in the suit, that they should be let out without abating the entire suit; although I take it the English law upon this subject is otherwise, and always has been. But in regard to bankrupts the English rule always has been, that *they* might be let out without abating the suit, and that they *must* be joined,—but that infants, joint contractors with adults, *could not* be joined. The reason for this distinction is, that the infant was never bound by the contract, while the bankrupt *was;* and in the one case the contract was a joint one by the bankrupt and the solvent contractor, and in the other case it was but the contract of the adult alone. 1 Chit. Pl. 31–35. *Noke et al.* v. *Ingham,* 1 Wils. 89.

But, on consideration, we are not prepared to say there is any sufficient ground to qualify the English rule in regard to joint contractors, who have since obtained their discharge from the contract on the ground of bankruptcy. That rule requires the contract to be declared upon as it was made; and the defence of bankruptcy is merely personal, and, if not pleaded, is no ground of sustaining a writ of error, even if it appeared upon the face of the proceedings. To allow the plaintiff, then, to omit one so circumstanced would be to permit him to elect the course which the defendant should pursue in his defence.

We do not think the objections to the form of the defendant's plea well founded.

1. We do not think it necessary to alledge, in a plea of this kind, that the other joint contractors were of full age at the time of entering into the contract, any more than to negative any, or, indeed, all, other supposable disabilities,—as, for instance, coverture, insanity, or being under duress.

2. We think it sufficiently alledged that the other joint contract-

ors did reside within this state at the time of sueing out the process. We have only to refer the word "did" to the only thing to which it could refer, and not make most absurd nonsense, and the language is sufficiently explicit. But it is well settled, I apprehend, that, if it appear upon the face of the declaration,—as in the present case,—or upon any of the pleadings, that there are other joint contractors still living, who are not joined, the defendant may demur, move in arrest of judgment, or sustain a writ of error. 1 Chit. Pl. 32. 1 Saund. R. 291 *b.* Ib. 154 *a. Scott* v. *Godwin,* 1 B. & P. 67, 73–74. Gould's Pl. 280, § 116.

Judgment affirmed.