## SURRY W. STIMSON v. JOSHUA WARD AND SEWALL FULLAM.

### Attachment.  Receiptor.

When an officer brings suit upon a receipt for property attached by him, he need not show actual attachment of the property and delivery thereof to the receiptor, by other evidence than his return and the receipt.

ASSUMPSIT on a receipt for fifty white bed blankets, returned as attached by the plaintiff as sheriff, on a writ against the said Ward. Plea, the general issue, and trial by the court, May term, 1873, BARRETT, J., presiding.

When the plaintiff made said attachment, he went to Ward's house, who was a manufacturer of blankets, and Ward showed him three or four blankets as specimens of the blankets he manufactured, and agreed to get a receipt for fifty such blankets, which he did, and procured Fullam to sign it, and soon after left the country and never returned. The plaintiff only saw the blankets shown him as aforesaid, and did not know whether Ward owned any more, only Ward told him he had one or two hundred. The writ on which the property was attached, with the officer's return thereon, and said receipt, were given in evidence.

The defendants introduced no evidence, but claimed that the plaintiff could not recover upon the proof. But the court held otherwise, and rendered judgment for the plaintiff for the value of the blankets receipted; to which the defendants excepted.

*S. Fullam*, for the defendants.

The case finds that the plaintiff never saw the property, never attached it, nor does it show that it ever existed. We suppose it must be shown as alleged, a consideration for this promise. The plaintiff had a right to attach property, if he could find it, and have it receipted; but he did no such thing; therefore if he undertakes to have it receipted, he must attach it and obtain a lien on it, deliver it to another if he choose, and if his lien is kept good, sue for and recover it. But he does not show that the property ever existed, was ever attached, or was ever delivered; therefore the promise was wholly without consideration.

*Walker & Goddard*, for the plaintiff.

The only question raised upon the exceptions is, whether the defendants can allege a want of a sufficient and legal attachment, after having acknowledged the same in writing, and in consequence of which the officer has made himself responsible for the goods to the creditor. It has been long the settled rule of law in this and other states, that the receiptor cannot defeat his contract by attacking the sufficiency of the attachment, and that he is concluded by the terms of his receipt, for the reason that the plaintiff incurred his liability on the faith of the receipt, and is entitled to the benefit of it for his indemnity. *Hutchinson* v. *Parkhurst*, 1 Aik. 258; *Spencer* v. *Williams et als.* 2 Vt. 209; *Sibley* v. *Story*, 8 Vt. 15; *Allen* v. *Butler et als.* 9 Vt. 122; *Pettes* v. *Marsh*, 15 Vt. 454; *Jared* v. *Taney*, 11 Mass. 219; *Lyman* v. *Lyman*, 11 Mass. 317; *Budge* v. *Wyman*, 14 Mass. 190.

As the defendants represented to the plaintiff that they had one or two hundred blankets, and showed him samples thereof, to induce him to forego the formality of the attachment and take their receipt and render himself liable to the creditor by returning

79

the blankets as attached, they are estopped in law from denying the same, and the plaintiff's rights are the same as though he had actually seized the blankets.

The opinion of the court was delivered by

Ross, J. In *Spencer* v. *Williams et al.* 2 Vt. 209, it was held, " that a receiptor cannot allege the want of a sufficient and legal attachment, nor of a delivery to him of the goods, after having acknowledged the same in writing, and in consequence of which the officer has made himself responsible for the goods to the creditor." " By the memorandum in writing, the defendants acknowledged the receipt of the goods of the plaintiff as having been attached by him on the writ, and promise to deliver them to him on demand ; and it appears that the plaintiff returned the goods as attached, and thus made himself accountable for them to the creditors." " Having incurred this liability on the faith of the receipt, the plaintiff is entitled to the benefit of it for his indemnity ; and to allow it to be defeated by the defense set up, would be the grossest injustice to him." The same doctrine is reiterated in *Allen* v. *Butler et als.* 9 Vt. 122. If the defendants when sued on the receipt, cannot allege such facts in defense, it cannot be incumbent on the officer to show that he actually attached and delivered to the receiptors the property receipted, by other evidence than what is furnished by his return on the writ and the receipt, to entitle him to recover.

Judgment affirmed.