Waters<br>*vs.*<br>Daines.

---

ISAAC S. BEACH <i>vs.</i> MOSES S. ABBOTT & ABDIEL BLODGET.

<span style="float:right">ESSEX, <i>March,</i> 1832.</span>

An officer by the directions of the creditor's attorney attached certain personal prop-
erty of a debtor by virtue of a writ of attachment, and delivered the same to a person,
who executed his receipt therefor to the officer, promising to redeliver it on demand,
and then permited it to go back into the possession of the debtor. Afterwards the
attorney took out a writ of attachment in his own favor, against said debtor, and
gave it to the same officer, with directions to attach the same property ; which was
done accordingly. Judgement having been rendered in this last suit, the property
was sold on the execution issuing thereon.—It was held in an action brought by the
officer on the receipt, taken on the first attachment,to recover the value of the prop-
erty, that the suit could not be sustained.

This was an action of *assumpsit* upon a promise of the defen-
dants to redeliver to the plaintiff certain goods and chattels on de-
mand. A verdict was returned in favor of the defendants, subject
to the opinion of this Court on the following case.

The property in question belonged to one *Josiah Abbott*, and
was attached while in his possession, on the 9th day of April,
1829, by the plaintiff,who was a deputy sheriff, on a writ of attach-
ment in favor of one Heath against *Abbott ;* the property being
exposed, and turned out for attachment, to the plaintiff, by James
Steele, Esq., attorney of Heath. Whereupon the defendants ex-
ecuted to the plaintiff a receipt for said property, promising to re-
deliver the same on demand. The property was not removed
from the possession of Josiah Abbott. Afterwards, on the 21st
day of May, 1829, Steele,finding the property still in the possesion
of Josiah Abbott, directed the plaintiff to attach it on a writ of at-

Essex,
March,
1832.

Beach,
vs.
Abbott et al.

tachment in favor of Steele against Josiah Abbott : and the plaintiff accordingly, in his capacity of deputy sheriff, attached and took away the property, and afterwards sold it on an execution issued in favor of Steel in the suit last mentioned.   The writ in favor of Heath against Josiah Abbott being returned and entered in the county court, to which it was made returnable, Heath recovered judgement thereon against said Abbott for a  sum much larger than the estimated value of the property.   Heath having prayed out execution upon his judgement, delivered it for collection to the plaintiff, (who still continued deputy sheriff,) within  thirty days after the rendition of  said  judgement, but long after the second attachment of the property and the sale thereof on execution. The plaintiff within the life of the execution in favor of Heath, demanded the proprty of the defendant, *Blodget,* and was prevented from making demand upon the defendant, *Abbott,* by reason of his residing in Canada.    It was agreed that if  upon the facts aforesaid, the plaintiff was entitled to recover in this action, the verdict was to be set aside, and judgement to be rendered for the plaintiff for the value, as estimated in the receipt, of  so much of said property as was not admitted in any count in the declaration to have been redelivered ; otherwise the verdict to stand.

On this statement of facts the county court decided that plaintiff was not entitled to recover, and rendered judgement on  said verdict.   The plaintiff excepted, and removed  the cause to this court for a final decision.

After argument by *Cushman & Paddock,* for the plaintiff, and *Wells & W. Mattocks,* for the defendant,

WILLIAMS, J., delivered the opinion of the Court.—This is an action brought by the plaintiff, to recover of the defendants on their contract to deliver to him on demand certain articles of personal property, which they had received of him.   It appears that the plaintiff, as deputy sheriff, had attached the property in question, at the suit of one Heath against Josiah Abbott ; that  the property was turned out to him by Mr. Steele, the attorney of Heath, and was  delivered to  the defendants, who  executed the  receipt on which this action was brought, and permitted the same to go  back into the possession of *Abbott.*    Afterwards Mr. Steele took out a writ of attachment in his own favor against *Abbott,* gave the same to the plaintiff to serve, who by  direction of  Mr. Steele attached the same property.   On the last writ a judgement was  recovered by Mr. Steele, an execution issued thereon, and the plaintiff, as

Essex,
March,
1832.

Beach
vs.
Abbott et al.

deputy sheriff, sold the property attached to satisfy the same. The question is, whether these defendants are liable on their contract, to deliver this property to the plaintiff, when the plaintiff has already taken the same into his own possession, and disposed of it as before mentioned.

Considering this as an ordinary case between a bailor and his bailee, it would be too plain to admit of a controversy. If one person delivers property to another to keep, takes a contract for the redelivery, and afterwards retakes the property into his own possession, the contract must be at an end ; and it would be preposterous to think of maintaining an action on the contract for the same property.

The case under consideration is one of that character. The plaintiff by the attachment had the possession, and the right to the possession, of the property attached; the defendants, the receiptsmen, took the property to keep for him. He had a right to retake the same at any time against their consent, and when he did take it, their contract to redeliver it to him was fulfilled and at an end.

There is nothing in the character in which these parties acquired what right they had to this property, which takes this case out of the general principle before mentioned.

The right of the plaintiff was by virtue of the attachment in favor of Heath. It was his duty to take the property into his actual custody. When in his custody, the same could not be taken from him, against his consent, except by writ of replevin. All subsequent attachments on the same property would be subject to the first. In Massachusetts, no attachment could be made by any other officer. In this state different officers might probably attach the property, and create a lien thereon, but still could not take the same out of the possession of the first attaching officer.—*Hall* vs. *Walbridge*, 2 *Aik.* 215.

The right of the defendants accrued from the delivery of the property to them, and from their contract. As between them and the plaintiff, the possession and the right of possession remained, as before, with the plaintiff, for *their possession* was his. Whatever attachments or executions he might receive, and levy on this property, must therefore be subject to the first, as it would be no more than an attachment of property in his possession. It has been supposed that because the property attached was suffered to go back into the hands of Abbott, the original debtor, it was, therefore, liable to be taken again to satisfy his debts, and might be taken by the same creditor and the same officer. This would be

Essex,
March,
1832.

Beach
vs.
Abbott et al.

carrying the doctrine of a fraud in law to a most unreasonable extent, and would subject the doctrine itself to the charge of folly and inconsistency. It appears to me the whole argument drawn from this, may be answered by inquiring whether if Mr. Beach, the present plaintiff, had suffered the property to remain with Abbott, the debtor, *without taking a receipt*, he would have been compelled to serve the attachment of Mr. Steele on the same property, and thus defeat himself of all claim under the attachment of Mr. Heath, be compelled to appropriate the property for the benefit of Mr. Steele, and make himself liable to Mr. Heath? Certainly he could not have subjected himself in this way.

A sheriff attaching property, or his receiptors, are liable to have their right to the same defeated by suffering the same to remain with the debtor, where it may be taken by other officers at the suit of other creditors. The law from principles of policy declares, that the first attachment shall be inoperative against other officers; that though it may be good as to the immediate parties, it is good for nothing as to others. But for the very reason, that it is good between the parties, an officer attaching and suffering the property attached to remain with the debtor, either with or without a receipt, cannot by taking the property again into his possession, make either the debtor or receipts-men liable in any action for not redelivering the same to him. It might as well be contended that, as a consequence of this rule of law, a purchaser who had suffered the goods purchased to remain with the vendor under a contract to return the same on demand, could attach the same as the property of the vendor, and then sue him on his contract for not returning it. We can see nothing in this principle of the law which would warrant a recovery by the plaintiff on this receipt against these defendants.

On any view which we have taken of this case, we are led to the conclusion, that the plaintiff, having taken into his own custody the articles attached by him at the suit of Heath, which he delivered to the defendants, under their contract to return the same to him when demanded, has no further claim against them on the receipt, unless the property was injured while under their control, but that their obligation was fulfilled when he took the same back into his actual custody. The same question, we understand, was decided in the case of *Scott* vs. *Harding and Caldwell*, in Orleans county, a few years since, which is not yet reported. From the statement of that case in the argument, as well as from the recollection of our brethren, who assisted in deciding the same, it

must have involved the very principle which is presented in this case. But were it a new question we should have arrived at the same result.

Essex,
*March,*
1832.

The judgement of the county court is affirmed.