## AZARIAH ROOD vs. IRA SCOTT & SOL. PARKER.

If an officer take into his custody personal property by writ of attachment, and a third person receipts the property, and suffers it to go back into the hands of the debtor, the officer by taking the receipt does not part with his lien upon the property. But if the officer take the same property into his custody by virtue of a second writ of attachment and keeps it from the receipter, this will discharge the receipt.

The plaintiff was a Sheriff's deputy, and brought the action on a receipt of property taken by him of the defendants for a yoke of oxen attached in a suit in favor of Asa Chapman against one Ebenezer Scott, the defendants agreeing to redeliver said oxen on demand, &c., in the usual form. The property was seasonably demanded by the plaintiff of the receiptors on the execution in favour of said Chapman, but was not redelivered, and this action was commenced against them. The case comes here upon a bill of exceptions; but the facts are fully stated in the argument of the counsel and the opinion of the Court. The bill of exceptions contains much evidence on both sides upon the contested point, whether the oxen were when taken the second time by the plaintiff in the possession of Ebenezer Scott or Ira Scott, one of the receiptors. But this ground being conceded to the plaintiff in the decision of the Court the evidence in relation to it is properly omitted.

Addison,
January,
1833.

Rood
vs.
Scott & al.

*Phelps & Bell for plaintiff.*—The Court decided correctly in holding the defendants liable on their receipt.

It was true that the property in question was sold on another process by the plaintiff; but that circumstance furnishes no defence on this case.

After the receipt in question was given, the property was permitted to go back into the possession of the original debtor and became liable to be attached by other creditors. It was so attached and holden by the after attachment. Under these circumstances the only remedy by the plaintiff was on his receipt.

It certainly is immaterial what disposition was made of the property by the receiptor if it cannot be legally held to respond the attachment. Suppose it had been sold by the original owner after it came back into his possession. The plaintiff could not lawfully take it, but must look to his receipt.

The circumstance that the subsequent attachment was made by the plaintiff is not important. He was the mere instrument of the creditor. The property was subjected to the lien of the creditor last attaching; and the plaintiff was bound to sell on the last process. It was the act of the creditor which fixed the lien, and not that of the officer.

The opinion of the Court was delivered by

Baylies, J.—It appears from this case, that the plaintiff was deputy sheriff, and as such did by writ of attachment in favor of Asa Chapman, and against Ebenezer Scott, take a yoke of oxen, on the 29th July, 1830. And on that occasion Ira Scott and Sol. Parker gave their receipt in writing of that date to Mr. Rood, the plaintiff, for the oxen, promising to return them to the plaintiff when demanded.

In this action Mr. Chapman recovered a regular judgement against the said Ebenezer Scott, took out a writ of execution thereon, and delivered the same to said Rood, deputy as aforesaid, in due season to continue the lien upon said oxen, acquired by said attachment. But the oxen, when demanded on the receipt of defendants, were not returned to the plaintiff to be sold on said execution. So the plaintiff brings this action against the defendants, on

their receipt, for not returning the oxen according to their promise. The defendants, *by way of excuse*, says, that the plaintiff, before the rendition of said judgement, took the oxen into his own possession, and kept them from the possession of the defendants, as he had a right to do; and thereby put it out of the power of the defendants to return the oxen to the plaintiff, when he demanded them on said receipt, to be sold on said writ of execution.

ADDISON,
*January,*
1833.

Rood
*vs.*
Scott & al.

The plaintiff admits all this to be true; but says, he took the oxen out of the possession of Ebenezer Scott on a writ of attachment against him, and in favor of L. B. Fillmore, who directed said oxen to be taken on the 2d October 1830; and afterwards sold the oxen on Fillmore's writ of execution to satisfy his demand. Moreover the plaintiff says, that the oxen, after they were receipted by the defendants, were often in the possession of Ebenezer Scott, he exercising acts of ownership over them.

If the law permitted the plaintiff to take, and keep the oxen in his possession, after the execution of the defendant's receipt; and thereby put it out of the power of the defendants to return the oxen to the plaintiff when demanded, and subjected the defendants to pay for the oxen for not returning them, it would be strange indeed. But the law is not so unreasonable.

At an early day, it was decided in this State, that if an execution be levied on personal property, and by the officer making the levy, it was delivered to a third person for safe keeping, on a receipt containing an engagement to deliver the property to the officer, the officer does not thereby part with his lien on the property, but he may take it into his possession at any time. *Pierson* vs. *Hovey et al.* 1. D. Chip. 51.

So in another case, "an officer, by the direction of the creditor's attorney, attached certain personal property of a debtor by virtue of a writ of attachment, and delivered the same to a third person, who executed his receipt therefor to the officer, promising to redeliver it on demand, and then permitted it to go back into the possession of the debtor. Afterwards the attorney took out a writ of attachment in his own favor, against said debtor, and gave it to the same officer, with directions to attach the same

34

ADDISON,
January,
1833.

Rood
vs.
Scott & al.

property, which was done accordingly. Judgement having been rendered in this last suit, the property was sold on the execution issuing thereon. It was held in an action brought by the officer on the receipt, taken on the first attachment, to recover the value of the property, that the suit could not be sustained. *Beach* vs. *Abbott & Blodget*, 4 Vt. R. 605.

This case is a precedent for the one at bar, which is decided accordingly.

Judgement of the County Court is reversed, and a new trial is granted.