Bucklin *v.* Crampton.

FULLER BUCKLIN *v.* ELIADA CRAMPTON.

In order to give an officer the constructive possession of personal property attached by leaving a copy with the town clerk, it is only necessary, that the property should be described with reasonable certainty; and the sufficiency of the return, in this respect, is to be determined by applying it *to the actual state of* the debtor's property at the time.

In this case the property attached was described in the officer's return as "thirty tons of hay in the barn on the premises;" and it was held, that, in the absence of any other description, it must be understood, that premises in the occupancy of the debtor were intended.

*Quære.* Whether a third person, who consumes property which has been attached by leaving a copy in the town clerk's office, can take advantage of a variance between the copy of the officer's return left in the town clerk's office and the return made upon the original writ,—the copy left with the town clerk being regular in form.

TROVER for a quantity of hay. The case was referred, under a rule from the county court, and the referee reported the facts substantially as follows.

The plaintiff claimed title to the hay in question by virtue of four several attachments, all made September 13, 1841, by the plaintiff, as officer, against one David W. Philips, who was the owner of the hay at the time the attachments were made. Judgments were rendered in favor of the plaintiffs in the several suits, and the property attached was duly charged in execution. When the hay was attached, it was in a barn on premises then in the occupancy of Philips; and he remained in possession of the premises, until after the conversion complained of in this suit. The hay was not removed by the plaintiff from the possession of Philips, but was sold by Philips to the defendant, subsequent to the attachment, and was then fed out by Philips, on the same premises, to the defendant's cattle, under the direction of the defendant,—which was the conversion complained of. The plaintiff, in making his attachment, left copies of the writs and returns in the town clerk's office; and the hay was described in those returns in these words,—"I have attached, as the property of the within named defendant, thirty tons of hay in the barn on the premises occupied by the defendant;" but in making his returns

upon the original writs, the words "occupied by the defendant" were omitted, and were not inserted until after the executions had issued and expired, when the plaintiff, by permission of the magistrates who had rendered the judgments, amended his original return by inserting these words.

Upon these facts the referee referred to the court the question as to the legal right of the plaintiff to recover,—the defendant insisting, that the omission of the words "occupied by the defendant," in the returns upon the original writs, rendered the attachment invalid, as against a purchaser. The damages, if any were recoverable, were agreed by the parties to be $89,00.

The county court, September Term, 1846,—WILLIAMS, Ch. J., presiding,—rendered judgment for the plaintiff, upon the report. Exceptions by defendant.

*D. E. Nicholson* and *C. B. Harrington* for defendant.

*H. Button* for plaintiff.

The opinion of the court was delivered by

HALL, J. Upon the attachment of hay, and certain other articles of property difficult to remove, the statute allows the officer, as a substitute for taking the possession of it, to leave copies of the process and of his return in the town clerk's office; and those copies operate as notice of the attachment to all persons. Rev. Stat., chap. 18., sec. 15. The objection in this case is, not that the copies in the town clerk's office did not give the defendant proper notice of the attachments; but that the copies were variant from the originals, and that in the originals the place, in which the hay was situated, was not sufficiently described, for the purposes of identity.

If the hay had not been returned attached, the plaintiff would of course have no title, whatever the copies might have shown. But the hay was attached; and I am not prepared to say, that the defendant, who has had the statute notice, should be allowed to make an objection to a defect in the officer's return, which would not have availed the debtor in the original process, and which was clearly the subject of amendment. The defendant suffers no injury by this variance; and I am inclined to think, that he cannot object to it. It

Bucklin *v.* Crampton.

is unnecessary, however, to decide this question, as we all think, that the property was sufficiently described in the original return, for all purposes of notice to the defendant.

In order to give an officer the constructive possession of property, attached by leaving a copy with the town clerk, it is undoubtedly true, that it must be described with reasonable certainty; but such reasonable certaity is all that can be required. The sufficiency of the return, in this respect, can only be determined, by applying it to the actual state of the debtor's property at the time. If the debtor have no such property as that described, the attachment can have no operation. If he have such property, the question is, whether it has been sufficiently pointed out to enable the debtor, and those with whom he may deal, to be informed that it is attached. The property attached was described in the officer's returns as " thirty tons of hay in the barn on the premises," without the addition of the words " occupied by the defendant," which are found in the copies. Now, in the absence of any other description, we think it must and would be understood, that the premises were in the occupancy of the debtor. Property attached is presumed to be in the possession of the debtor, unless it be otherwise described; and from the return of the officer no person would doubt, that the premises *occupied by the defendant* were intended. No one would imagine, that the officer designed to attach hay in the possession of others, unless he had so described it. There is no pretence that Philips, the debtor, had the quantity of hay described in any other barn, than that from which the defendant purchased; and we think he would be bound, from the description in the officer's return, to take notice that *that* hay was attached.

The judgment of the county court is therefore affirmed.