## A. P. POND v. LUTHER BAKER, AND OTHERS.

*Attachment. Return, Amendment of. Sheriff. Lessor.*

1. In making an attachment the copy left in the town clerk's office must describe the property with reasonable certainty, such as will inform the debtor, and those with whom he may deal, that it is attached.
2. The return on the copy left with a lessee, or town clerk, in order to create a valid attachment of the property of a lessor, must contain a specific description of the property attached.
3. When an officer is a party justifying under his official acts his return is evidence; but where the return only shows that a *list of the property* was indorsed, it was properly excluded.
4. The Supreme Court remanded, on motion, the cause to give an opportunity to amend the officer's return.
5. R. L. ss. 1190, officer's return, and 876, attachment by copy left in the town clerk's office, construed.

TRESPASS with count in trover. Plea, not guilty; and trial by jury, April Term, 1882, ROYCE, Ch. J., presiding. Verdict

ordered for the defendant. The following is a copy, in part, of the officer's return :

"I then served this writ by attaching as the property of the within named defendant all the real estate in the town of Montgomery. And on the same day I attached all the hay, grain in the straw, corn, corn in the cob and in the stalk, potatoes in the cellar, and implements for the manufactury of maple sugar, in the house, barns, sheds, cellars, and other buildings on the farms, lands and premises owned and occupied, and or occupied by the within named defendant, or occupied by one G. M. Campbell, or by any other person as tenant to the or claiming to be tenants to him, the said defendant, situated in Montgomery aforesaid. And I also on the same day attached all the neat cattle, horses, hogs and sheep, cows, oxen, young cattle, &c., . . . now on or kept on the said farms, lands and premises, or any part thereof by the said defendant, the said G. M. Campbell, or any other person. And on the same day I gave the said defendant and also the said G. M. Campbell, lessee, and all other persons to the occupancy of said farm lands and premises immediate and personal notice of said attachment. I also on the same day attached three double wagons, two one and two horse wagons, two pair traverse sleds, two pair double harnesses, one single harness, one horse-power and thresher, saw, . . . one single sleigh, two mowing machines, one horse rake, one tedder, five plows, three drags, one grindstone, all of which personal property I found in the hands and possession of said G. M. Campbell, who claims to hold the same as lessee of the said defendant. And on the same day I delivered to the said G. M. Campbell a true and attested copy of this writ of attachment *with a list of the property so attached thereon endorsed.* And on the same day I lodged in the office of the town clerk of said town a true and attested copy of this writ *with a list of the property so attached thereon endorsed.*"

The property was attached on a writ against John Campbell. G. M. Campbell was his lessee and had possession of this property except the young cattle. The other facts are stated in the opinion.

*H. E. Rustedt* and *H. C. Adams,* for the plaintiff.

*E. H. Powell,* for the defendants.

The opinion of the court was delivered by

VEAZEY, J. This is an action of trespass with a count in trover to recover for farm stock and other personal property. The plaintiff claimed to have attached the property as deputy sheriff on a writ of attachment in favor of one Wilkins against one Campbell, and that after his said attachment the defendants in this suit took and disposed of the property, and this suit is

Pond *v.* Baker.

brought for the damages. The plaintiff's right depends on the validity of said attachment. To show that he offered in evidence a certified copy of the writ and return thereon,— *Wilkins* v. *Campbell*. The defendant objected to the admission of the return, and the court excluded it. The plaintiff then offered certain other evidence which the court excluded, and ordered a verdict for the defendants. The bill of exceptions does not show that any exception was taken to the exclusion of any of this evidence; but the case has been argued as though there were such an exception; and the question argued has been as to the sufficiency of the return to constitute an attachment lien. The defendants claim that the return does not show that the property described therein was attached as the property of the defendant Campbell; also that it does not describe the property sufficiently to create an attachment; also that the alleged attachment created no lien because the return does not show that the copies left with the lessee in whose hands the property was found, and the copy left at the town clerk's office, had the return endorsed thereon as provided by statute. Independent of statutory regulation, the law requires an officer to give as nearly as he reasonably can in his return, or in the schedule or inventory annexed thereto, a specific description of the articles attached, their quantity, size and number, and any other circumstances proper to ascertain their identity. Drake on Attachments, s. 208, and cases cited. In case of attachment by copy left at the town clerk's office the property must be described with reasonable certainty,—no more is required. It must be sufficiently pointed out to enable the debtor, and those with whom he may deal, to be informed that it is attached. *Bucklin* v. *Crampton*, 20 Vt. 261. Reasonable intendments are made in favor of officers' returns. The presumption of law is in favor of the legality of returns. *Drake* v. *Mooney*, 31 Vt. 619. A valid lien is created by attachment by copy in town clerk's office when the return is sufficiently precise to show the identity of property attached. *Fullam* v. *Strauss*, 30 Vt. 443. The above indicates that a fairly liberal rule has been adopted in Vermont, in the construction of officers' returns; but will the return in question stand the test indicated, so far as pertains to the description? We put the inquiry, not to

be here answered, as there is another fatal defect, but in order that silence may not be construed as an approval of such looseness in returns. There is in fact grave doubt whether the return in this respect is sufficient as to all the property to create an attachment.

As to the other defect : the statute provides that personal property held by a lessee may be attached as the property of the lessor, and a valid lien created by delivering to the lessee a true and attested copy of the process, " with the return of the officer thereon, describing such property." Gen. Sts. c. 33, s. 32, R. L. 1190. And as to such property as may be attached by copy in town-clerk's office, there is the same requirement as to the endorsement of the return. R. L. s. 876. All that this return shows is that a list of the property attached was endorsed. This fails to comply with the requirement of the statute in a material respect. If the copy does not have the return endorsed on it, there is nothing to show an attachment. The return is the substance of the document. These statutes provide a method of attachment without taking possession, and without substantial compliance there is no attachment.

It is suggested that under the rule of reasonable intendment in favor of returns, it might be presumed that the return was endorsed on the copies delivered to the lessee and town clerk, and that that was what the officer meant by the statement that a list of the property was endorsed thereon. If the fact had been according to the presumption suggested, then the plaintiff presumably would have got leave to amend the return according to the fact. If in fact there was no return on the copies, then there was no attachment ; therefore to presume there was a return might be the imposition of rights as of an attachment when there was none. It would in effect be to give the plaintiff a recovery against the defendants as trespassers, when they never were trespassers. There would be this dangerous use of a presumption without necessity, as an amendment would doubtless have been allowed upon a showing that there was an attachment in fact.

We think the writ and return does not show title in the plaintiff by an attachment lien ; and we assume that it was on this

ground that the return was excluded. The rule is that where an officer is a party either claiming or justifying under his own official acts, his return must be received as evidence. Drake, s. 210. But the same question would be raised by excluding it for insufficiency, as by admitting it, and then holding it insufficient.

This would affirm the judgment below ; but on motion of the plaintiff the judgment is *pro forma* reversed and the cause remanded, in order to give an opportunity to have the return amended if there is ground for it.