DARWIN RIDER v. H. L. SHELDON AND OTHERS.

*Officer's Receipt.*

1. The defendants gave a receipt of certain property to the plaintiff, which he had attached as a sheriff on a writ in favor of an attorney, who subsequently brought another suit on a note owned by a married woman, but in his own name for convenience only, giving the writ to another officer, who, without directions as to attachment, or knowledge of the attorney, attached the receipted property. The property was afterwards sold to T., who sold it to a company in which the attor-

Rider *v.* Sheldon.

ney was interested, the attorney being ignorant of the sale. *Held,* that the defendants are liable in an action on the receipt. *Beach* v. *Abbott,* 4 Vt. 605, and *Rood* v. *Scott,* 5 Vt. 263, distinguished.

2. MOTION IN ARREST. When the whole case, both law and fact, is tried by the court without a jury, a motion in arrest is not applicable. It seems that exceptions to the judgment afford ample remedy.

ASSUMPSIT upon an officer's receipt. Trial by court, December term 1883, POWERS, J., presiding. Judgment for the plaintiff. The facts are sufficiently stated in the opinion.

*Thos. McLeod, James M. Slade,* and *Daniel Roberts,* for the defendants.

The plaintiff is under no liabilty to Knapp ; for Knapp by his acts of interference has released him and the receiptors. The obligation of the receiptors was to show what would excuse the officer. REDFIELD J., in *Adams* v. *Fox,* 17 Vt. 361 ; *Roberts* v. *Carpenter,* 53 Vt. 678 ; R. L., s. 876 ; *Felker* v. *Emerson,* 17 Vt. 101 ; *Rood* v. *Scott,* 5 Vt. 263 ; *Beach* v. *Abbott,* 4 Vt. 605 ; *Mason* v. *Whipple,* 32 Vt. 554. Motion in arrest. *Davis* v. *Dorr,* 30 Vt. 97 ; *Blood* v. *Crandall,* 28 Vt. 396.

*L. E. Knapp* and *Stewart & Wilds,* for the plaintiff.

The defendants are concluded by the receipt. *Spencer* v. *Williams,* 2 Vt. 209 ; *Pettes* v. *Marsh,* 15 Vt. 454. By the sale on the execution, Tupper became the sole owner of the property. *Beach* v. *Abbott,* 4 Vt. 605 ; *Gates* v. *Gaines,* 10 Vt. 364; *Soule* v. *Austin,* 35 Vt. 519 ; *Gordon* v. *Chase,* 47 Vt. 257. Knapp's connection with the Cob suit constitutes no defence for the defendants. *Burnell* v. *Marvin.* 44 Vt. 277 ; *Cooper* v. *Cree,* 4 Vt. 289 ; *Allen* v. *Carty,* 19 Vt. 65.

The opinion of the court was delivered by

VEAZEY, J. This suit is upon an officer's receipt, given by the defendants to the plaintiff for property which he, as deputy sheriff, had attached on a writ in favor of Knapp against Smith and Fuller. All the intermediate steps, as to judgment, execution, demand, and return of execution, followed.

One ground of defence is that Knapp had, subsequently to the receipt, brought another suit in his own name against the

same defendants, causing the same property to be attached, in which suit judgment had been rendered and execution issued and levied thereon and the property sold.

The claim is that the defendants were disabled by the second attachment, levy, and sale from surrendering the property on the first attachment, and that this was the act of Knapp.

This ground of defence is good if it can properly be said that Knapp's connection with the second attachment was such as to bring the case within the principle as held in *Rood* v *Scott et al.,* 5 Vt. 263, where it was decided that if the officer, who took the receipt on the first attachment, takes the same property into his custody by virtue of a second writ of attachment and keeps it from the receiptor, this will discharge the receipt. Also *Beach* v. *Abbott et al,* 4 Vt. 605, where it was held that the suit upon the receipt could not be maintained, when it appeared that the attorney in the suit in which the receipt was given afterwards took out a writ of attachment in his own favor against the same debtor and gave it to the same officer, *with directions* to attach the same property, and the directions were obeyed.

We think the case at bar is substantially different from those, and that the record does not show such participation by Knapp in the second attachment 'as to discharge the receiptors. In the second suit Knapp had no interest. He as attorney had a promissory note for collection for a married woman and brought the suit in his own name for convenience only, and placed it in the hands of *another* officer for service, who without any directions from Knapp respecting the property to be attached thereon, served the same by attaching a portion of the property first attached. It does not appear that either Knapp or the officer knew or had reason to know that the second attachment covered any of the property first attached. Neither does it appear that Knapp knew before the property was sold on execution in the second suit, that the first officer, who attached, took a receipt. Receiptors of property attached are the bailees and agents of the officer, not of the creditor. *Gilbert et al* v. *Crandall,* 34 Vt. 188. If they suffer the property to remain in the hands of

the debtor, and so subject to other attachments, it would be a severe rule to hold that the receipting officer loses all claim on the receiptors, and the creditor loses all security by reason of his being a mere nominal plaintiff in a subsequent attachment by another officer, in the absence of any finding that such other officer or creditor knew of the receipt being taken, or that the subsequent attachment was made upon the same property. The difference is broad between such a case, and one where the creditor or the receipting officer knowingly interferes with the attached property and thereby precludes the receiptor from being able to surrender the same on demand. In the former case the misfortune of the loss of the property to respond is imputable rather to the receiptor's fault than to the creditor's act. As between the two the receiptor should bear the loss.

The fact that Knapp might have had a lien on the judgment for his fees, by giving notice, we think should not change the legal effect of the attachment, as regards the receiptors.

II. The purchase of the property by the Register Company, in which Knapp was a partner, did not affect the plaintiff's claim under said receipt; because intervening this purchase and the receipt, the property had been sold upon valid executions to Tupper, who sold to the Register company. Under the receiptor's indulgence to the debtors in the original Knapp suit, as to possession and control of the attached property, it had become vested in Tupper without vitiating interference by Knapp. We fail to see upon what principle his interest in the Register company can be invoked to aid these defendants, especially when their claim is regarded in the light of all the facts disclosed by the bill of exceptions on this point. So far as anything is shown the case stands in legal effect as though the debtors, after the receipt, had sold the property to Tupper, and he having thereby acquired good title afterwards sold to the Register co-partnership in which Knapp was interested, without any knowledge by him of the receipt, or that his firm had bought any of the property covered by his original attachment. The property had passed beyond the control or reach of the receipt-

ors by their own fault, before the Register company purchase,
and so far as appears the latter was an innocent purchaser.
One object in giving a receipt for property attached is to restore
the debtor to the possession of his property. Being thus
restored, it is liable to attachment by other creditors and may be
sold by the debtor. The universal understanding is that the
officer relies for his indemnity upon the receipt and not upon
the property. *Soule* v. *Austin*, 35 Vt. 515.

III. Under the motion in arrest, objection is made to the
declaration ; first, that the execution is not sufficiently set
forth ; second, that it is not averred that Rider was a deputy
sheriff, or was otherwise authorized to levy the execution ; and
that this is not found as a fact in the case. Upon demurrer
there would be difficulty in sustaining the declaration, especially
under the second objection. But the case was tried by the court
without a jury. We do not think a motion in arrest is appli-
cable in such a trial, where the whole case, both law and fact, is
submitted and tried together. The reason for this is well
expressed by Chief Justice WILLIAMS in *Bliss* v. *Arnold*, 8 Vt.
252, where he says : "It is doubtful whether any motion in
arrest can be sustained when the issue is tried by the court. The
court having the whole case before them, it is supposed they
would not render judgment on a declaration wholly defective.
A motion in arrest is to prevent a judgment, and is filed after a
verdict and before judgment. Where the court tries the issue
of fact, the finding the issue and rendering the judgment is done
at one and the same time." But in that case the court, finding
no defect in the declaration which would not have been cured by
verdict, turned the case on that ground.

If the court take up the issue of fact only, as when tried by
jury, and first announce the finding on that, a motion in arrest
before judgment is announced, possibly might not be inappro-
priate. Whether this was the view taken in the case of *Wal-
ker* v. *Sargeant*, 11 Vt. 327, or whether the objection escaped
the attention of court and counsel does not appear. But when
the whole case is submitted and the court renders a decision,

---

Lambert *v.* Merrill.

---

holding that the plaintiff is entitled to recover, as in the case at bar in which there was no dispute as to the amount, this constitutes the judgment of the court. A motion in arrest is not to vacate a judgment, but, as stated by Judge Williams, to *prevent* a judgment. These motions are based on technicality, and are nowhere favored, and in some States are prohibited by statute in civil actions.

If the facts found by the court are not sufficient to warrant a judgment, under the pleadings, it would seem that an exception to the judgment would afford ample remedy. There was no exception to the judgment in this case.

We think there was no error in overruling the motion in arrest.

Judgment affirmed.