# LYMAN P. BARRON *v.* CHARLES F. SMITH.

*Attachment by copy in town clerk's office. Notice to defendant. Description of property. Punctuation marks.*

1. Personal property may, under No. 99, Acts 1884, be attached or taken in execution as effectually by lodging a copy in the town clerk's office as by taking actual possession.
2. Notice to the defendant is not necessary to perfect the lien.
3. The property must be sufficiently described so that it can be identified with reasonable certainty.
4. The description "100 fleeces of wool, 100 sheep, two cows, 75 tons of hay, 450 tin sap-buckets, one evaporator, one ox cart, one mowing machine, horse rake, one single sleigh, one buggy wagon, one Prescott organ, 40 bobbin logs, situated on defendant's farm," is sufficient, and the same would be true if the word "situated" were omitted.
5. Nor would the omission of the comma before the word "situated" refer the descriptive phrase "situated on defendant's farm" to the bobbin logs alone. Punctuation marks afford but little aid in the construction of officer's returns and other such like writings.
6. There were two dwelling-houses with out-buildings on defendant's farm. One was occupied by defendant, the other by F. who was carrying on a portion of the land at the halves. The sheep were in one of the barns occupied by F. and were in his charge. *Held,* that the description as to them was sufficient, it appearing that there were no other sheep on the farm and that F. was caring for these as defendant's agent.
7. But an attachment of twenty barrels of cider situated in defendant's cellar would not create alien as against so much cider in the cellar of the house occupied by F.

This was an action of replevin. Plea, the general issue. Trial by court, Taft, J., presiding, at the June term, 1889, Orange county. Judgment for the plaintiff as to all the property replevied, except the hay, which was not described in the writ of replevin. Judgment for the defendant for the return of the hay,

one cent damages, and one cent costs. Exceptions by both parties.

The plaintiff had attached the property in question as that of one John B. Locke upon two writs of attachment against him, by lodging copies of those writs in the town clerk's office. The copies were lodged at the same time. The returns upon them were as follows:

"STATE OF VERMONT, \ At Corinth in said county this 10th day Orange County, ss. \ of December, 1887, I then served this writ on the within named defendant, John B. Locke, by attaching as his property 100 fleeces of wool, 100 sheep, two cows, 75 tons of hay, 450 tin sap tubs, one evaporator, one ox cart, one mowing machine, horse rake, one single sleigh, one buggy wagon, one Prescott organ, 40 bobbin logs, on defendant's farm, all the corn on the cob, all the potatoes in defendant's cellar and 20 barrels of cider and the casks, and on the same day I lodged in the town clerk's office in Corinth a true and attested copy of the original writ with a list and description of the property so attached, with this, my return hereon thereon endorsed."

"STATE OF VERMONT, \ At Corinth in said county this 10th day Orange County, ss. \ of December, 1887, I then served this writ on the within named defendant, John B. Lock, by attaching as his property 100 fleeces of wool, 100 sheep, 2 cows, 75 tons of hay, 450 tin sap tubs, one evaporator, one ox cart, one mowing machine, horse rake, one single sleigh, one buggy wagon, one Prescott organ, 40 bobbin logs situated on defendant's farm, all the corn on the cob in defendant's corn barn and buildings, all the potatoes in defendant's cellar and 20 barrels of cider and barrels, situated indefendant's cellar, and on the same day I lodged in the town clerk's office in Corinth, a true and attested copy of the original writ with a list of the property so attached, together with this my return hereon, thereon endorsed."

These copies were lodged on December 10. The defendant Locke, was not notified of the attachment until Dec. 17. On Dec. 14, the defendant in this suit, claiming the attachment by the plaintiff was invalid, took the same property in execution.

The court found the following statement of facts :

" At the time of said attachment by said Barron, in a suit against John B. Locke, the said Locke was occupying a farm in Cor-

Baron *v.* Smith.

inth, of several hundred acres ; he had purchased the land in separate parcels at different times; he was in the occupation of it all except that a Mr. Fowler occupied what was called the "Bowen" place, which was a small farm purchased by said Locke more than twenty years ago. The buildings upon the Bowen place, were situated about half a mile from the home buildings of said Locke, and said Fowler occupied a part of the buildings upon the Bowen place, and a part of the land, under a contract by which he carried on the land at the halves, having that part of the buildings which he occupied with the land which he so carried on.

At the time of the attachment by said Barron, the sheep in question were at the Bowen place, at a barn occupied by Mr. Fowler, who had the care of the sheep.

The tin sap pails referred to in the writ of replevin were never in the actual possession of the defendant.

Mr. Locke occupied the Bowen place except the part occupied and carried on by Mr. Fowler.

The cider replevied was in the cellar of the premises on the Bowen place, some of the casks being in that portion occupied by Mr. Fowler jointly with Locke, and some in that portion occupied by Locke alone.

The mowing machine and hay rake were in a small building owned and occupied by Locke upon the Bowen place.

The Bowen place was in fact a part of Locke's farm, and occupied by him as such.

The hay was in the barns on the Bowen farm, some in a barn occupied by Locke, and some owned by Locke and Fowler jointly in the barn occupied by Fowler."

The writ of replevin in this case described the following property :

" One hundred sheep, 20 barrels of cider, 20 casks, one mowing machine, one horse rake, 100 fleeces of wool, two cows, 450 tin sap tubs or buckets, one evaporator, one ox cart, one single sleigh, one buggy wagon, one Prescott organ, a lot of corn on the cob and a lot of potatoes."

By virtue of it the officer replevied,

"Eighty-six sheep, 12 casks cider, two casks, one mowing machine, one horse rake, 450 sap tubs, 50 tons hay."

*Roswell Farnham*, for the plaintiff.

The description in the return was sufficient. *Pond* v. *Baker*,

55 Vt. 402; *Bucklin* v. *Crampton*, 20 Vt. 263; *Drake* v. *Mooney*, 31 Vt. 619; *Fullam* v. *Strauss*, 30 Vt. 433.

*J. K. Darling* and *R. M. Harvey*, for the defendant.

The description in the plaintiff's return was not sufficiently definite. *Fullam* v. *Stearns*, 30 Vt. 443; *Pond* v. *Baker*, 55 Vt. 400; *Baxter* v. *Rice*, 21 Pick. 197; *Paul* v. *Burton*, 32 Vt. 148; *Rogers* v. *Fairfield*, 36 Vt. 641; *West River Bank* v. *Gorham*, 38 Vt. 649; *Bryant* v. *Osgood*, 52 N. H. 182.

The plaintiff did not notify Locke forthwith as the statute requires.

The opinion of the court was delivered by

ROWELL, J. Personal property may be taken on a writ of attachment or on execution, by the officer's lodging a copy of the process, with his return, in the town clerk's office in the town where the property is taken. Such lodgment holds the property against subsequent sales and attachments, the same as though it had been actually removed and taken into the officer's possession. St. of 1884, No. 99.

The notice of the attachment required to be given forthwith by the officer to the defendant, is not necessary to the validity of the attachment; for by the terms of the statute, it is the lodgment in the proper office of a copy of the process, with the officer's return, that creates the lien and holds the property. The notice is for the benefit of the defendant, that he may have early information of the attachment, and govern himself accordingly in respect of his future dealings with the property.

But in order to hold the property against subsequent attachments, it must be so described in the return that it can be identified with reasonable certainty. *Pond* v. *Baker*, 58 Vt. 293.

Copies of the writs that plaintiff served were lodged in the town clerk's office at practically the same time. The return on one of them describes part of the property attached as, "100

fleeces of wool, 100 sheep, two cows, 75 tons of hay, 450 tin sap-tubs, one evaporator, one ox-cart, one mowing-machine, horse-rake, one single-sleigh, one buggy-wagon, one Prescott organ, 40 bobbin logs, situated on defendant's farm." The return on the other contains the same description, except that it omits the word *situated* before the words, " On defendant's farm." The returns are not punctuated as the above quotation is, but are pretty much without punctuation, and especially is there no comma between the words " logs " and " situated " in the one, nor between " logs " and " on " in the other; wherefore defendant claims that "situated" relates to the bobbin logs only, and not to any of the other property antecedently named, and that the other return should receive the same construction.

But the matter of punctuation in officers' returns and other such like writings, often hurridly made, and by men little versed in that art, cannot justly be expected to afford much aid in construction, and, as a general thing, is entitled to but little consideration.

To adopt the construction contended for would contravene the rule we have laid down; for it is sufficiently clear that the word "situated" in one return relates to all the property antecedently described, and serves to locate it on defendant's farm. If one return is good, no matter about the other; but the other is like this one in effect, as it must be read with the word *situated*, or an equivalent word, understood, for such is its fair meaning. This makes both returns good as to all the property thus far mentioned, except possibly the sheep; for specially naming the property and designating it as situated on defendant's farm, is clearly sufficient to fulfill the rule. *Pond* v. *Baker*, 58 Vt. 293, 302.

And we think the returns are sufficient as to the sheep. It does not appear that there were any sheep on Locke's farm except those at the barn occupied by Fowler, and which Fowler was caring for as servant to Locke. In the circumstances found, the

sheep could have been identified with reasonable certainty as the sheep attached.

But the cider stands differently.. One return describes it as "situated in defendant's cellar." The other is to the same effect. There were two houses on the farm about half a mile apart, in one of which Locke lived and in the other, Fowler.

A majority of the court think that the meaning of the returns is, that the cider was in the cellar of the house in which Locke lived, and that its description was not sufficient to enable the defendant to identify with reasonable certainty the cider in the cellar of the house where Fowler lived as the cider intended to be attached.

*Judgment reversed, and judgment for plaintiff as to all the property replevied except the cider, the casks that contained it, and the hay, with one cent damages, and judgment for the defendant for the return of the cider and the casks and hay, with one cent damages.*