CHARLES H. STEARNS *v.* D. M. SILSBY.

October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, START and WATSON, JJ.

Opinion filed February 1, 1902.

*Attachment—Officer's return—Description of the property— Sufficiency.*

The sufficiency of an officer's return to an attachment must be determined by applying it to the actual state of the defendant's property at the time of the attachment.

When an officer's return certifies that he attached two horses and a surrey of the defendant at a certain town, and it appears that the defendant had only two horses and one surrey in that town, the return is sufficient to give such officer a lien on the property.

*Keniston* v. *Stevens*, 66 Vt. 351, distinguished,

TROVER. Plea, the general issue. Trial by jury at the June Term, 1901, Lamoille County, *Munson*, J., presiding. Verdict and judgment thereon for the plaintiff. The defendant excepted.

The plaintiff bought the property in question of one Milo Stearns, and paid him for it, but before it was delivered to the plaintiff, the defendant attached it as the property of Milo Stearns, and subsequently sold it on execution.

*George M. Powers* for the plaintiff.

The language of this return is even more general than that of the officer in *Keniston* v. *Stevens,* 66 Vt. 351, where the court says that the attempted attachment created no lien, because "The return does not describe the property sought to be attached as situated upon any farm or in any place, or in any person's possession. It does not even say, except inferentially, that it was in the town of Greensboro." This return is faulty in all these particulars.

*Dunnett & Slack* for the defendant.

There is no difference in the rule for describing property in an attachment from that which applies in a chattel mortgage. The object of the description is the same in both cases—that the public may know the condition of the title. All that is required is that the property shall be identified with reasonable certainty in view of the state of the debtor's property at the time. *Bucklin* v. *Crampton,* 20 Vt. 262; *Fulham* v. *Stearns,* 30 Vt. 445; *Jewett* v. *Guyea,* 38 Vt. 209.

The case of *Keniston* v. *Stevens,* 66 Vt. 351, has been disregarded and overruled in all essential particulars in recent cases. *Shum* v. *Claghorn,* 69 Vt. 45; *Desaney* v. *Thorp,* 70 Vt. 31.

TAFT, C. J. This is an action of trover for a pair of horses and a surrey. The defendant claimed to hold the property by virtue of an attachment of it by him as deputy sheriff, and offered testimony, viz., a copy of his return, that at Lyndon, on the 22d day of December, 1898, he attached as the property of the defendant, three horses and one two-seated sur-

rey, etc., in connection with testimony that the two horses and surrey sued for were the only two horses and surrey owned by defendant in the suit in which the attachment was made. The return was excluded upon the ground that the description of the property was too indefinite to create a lien thereon. This is the only question insisted upon by the defendant. The return of the defendant offered in evidence, certified that he, at Lyndon, on the 22d day of December, 1898, attached as the property of the defendant, two horses and one two-seated surrey, and lodged a copy in the Lyndon town clerk's office, and gave the defendant in the action a true and attested copy, etc. This return was offered in connection with the fact that the two horses and surrey were the only horses and surrey that the defendant then owned. In attaching personal property, to give the officer constructive possession of the property attached, it must be described with reasonable certainty; but that is all that can be required, and the sufficiency of the return must be determined by applying it to the actual state of the defendant's property at the time of the attachment. If he has no such property, then the attachment is null; if he has such property, then the question is, is it sufficiently pointed out to enable the debtor and those with whom he may deal to be informed that it is attached? *Bucklin* v. *Crampton,* 20 Vt. 262; *Pond* v. *Baker,* 58 Vt. 293, 2 Atl. 164; *Barron* v. *Smith,* 63 Vt. 121, 21 Atl. 269. Applying the rule above stated to the actual facts in this case as shown by the record, the debtor in the suit had two horses and a surrey in the town of Lyndon. He had no other horses or surrey in that town, and the officer attached two horses and a surrey therein. Would the debtor, would his creditors, would any one having dealings with him, have a doubt about what property was attached? Certainly not. The plaintiff relies upon the case of *Keniston* v. *Stevens,* 66 Vt. 351, 29 Atl. 312, in which the defendant attached "six

cows; five of said cows are the same bought of Byron Davis of Greensboro, and one bought of McClary of Greensboro." It was held that the attachment created no lien upon the cows, for that the property was not sufficiently described. It does not appear whether the debtor had other cows that he purchased of Davis and McClary or not. If he had, then the decision can be maintained. We must keep in mind that "the sufficiency of the return must be determined by applying it to the actual state of the defendant's property at the time of the attachment." In the Keniston case it appeared that a short time before the attachment the debtor had thirteen cows, and at the time of the attachment at least ten, including those replevied; and, considering the facts and circumstances disclosed by the record (which we have before us), the court might well have said that it did not appear that the cows attached were all that the debtor in the attachment bought of Davis. If he had bought more than were attached, then the return did not sufficiently describe the property with reasonable certainty, for it would not appear which of the ten cows were attached, any more than it would in this case if the debtor had had six horses in Lyndon, and the officer had attached two of them without further description, for it would not appear which two were attached. It was the duty of the defendant in the Keniston case to show such facts in justification as would entitle him to recover; to show that he had attached the cows, and that the attachment was valid. If he had supplemented the testimony shown by his return with an offer to show that the cows attached were all that Bedell bought of Davis, he would have been entitled to have that question submitted to the jury, and if the fact was found in his favor, the case would have been on "all fours" with the one before us. But in that case the attachment being of four cows out of a larger number, and it not appearing but that all the cows were bought of

Davis and McClary, the court held the description insufficient. But the facts and circumstances in that case, differing from those in the case before us, permitted a ruling different from the ruling in the case at bar; for, applying the rule stated herein to the facts disclosed by the record, i. e., that the debtor had but the two horses and surrey attached; that they were in the town of Lyndon, and in his possession,—we think that neither he nor any one having dealings with him ought to be mistaken as to what property it was that was attached.

*Judgment reversed, and cause remanded.*