WILLIAM WRIGHT *v.* W. C. LINDSAY.

February Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 8, 1918.

*Chattel Mortgages — Description of Property Mortgaged — Sufficiency.*

A description in a chattel mortgage is sufficient as against third persons if it is such that the property can be identified by reference to the instrument, aided by such inquiries as it suggests.

The designation of an automobile in a chattel mortgage by a number on its engine, which would not ordinarily be employed for the purposes of identification, is not alone enough to nullify the notice that the mortgage would impart to third persons, for the instrument must be construed together, in view of all its parts, so that every part may be effectual.

A description in a chattel mortgage of a Ford touring automobile, of a certain model and number, purchased by the mortgagor from the mortgagee on a certain day, then in the possession of the mortgagor and being the only automobile that he then owned, is *prima facie* valid against a vendee of the mortgagor.

REPLEVIN for an automobile, brought by a mortgagee against the vendee of the mortgagor. Plea, the general issue. Trial by court at the September Term, 1917, Orleans County, *Butler, J.*, presiding. Judgment, on facts found by the court, for plaintiff. Defendant excepted. The opinion states the case.

*John W. Redmond* for defendant.

*Porter, Witters & Harvey* for plaintiff.

TAYLOR, J. The action is replevin for an automobile. The plaintiff claims the property as mortgagee and the defendant as vendee of the mortgagor. The trial was by the court with judgment for the plaintiff on the facts found. The defendant excepted to the judgment on the findings, which is the only question presented for review.

On November 2, 1915, the plaintiff sold and delivered to one Baldwin the automobile in question and took a chattel mortgage to secure a note for the purchase price. The mortgage was duly recorded on November 9, 1915. The note was payable six months after date and still remains in part unpaid. The description in the mortgage is as follows: "One Ford touring automobile, Model T, Serial No. 621120, being the same automobile purchased of W. A. Wright, Nov. 2nd, 1915. One brown mare eight years old, weight about 1,000 lbs. One Babcock open buggy and one driving harness. All said property being now in the possession of said Baldwin in Newport, Vt., and being the only property of like kind now owned by said Baldwin."

The defendant purchased said automobile of said Baldwin on November 10, 1916, and took it into his possession where it was found when replevied. Demand was made of the defendant for the automobile before service of the writ of replevin, who refused to deliver it on the ground that there was no sufficient description of the automobile in the chattel mortgage and that there was no mortgage on the automobile. At the trial the defendant denied the plaintiff's right to the automobile on the ground that the description contained in the chattel mortgage does not describe the automobile in question and is not such a description as would charge him with knowledge of said mortgage. The serial number given in the description was the serial number on the engine. There were at least five different serial numbers of principal parts on this automobile. There was a plate on the dash of the car on which were the words "Mfg's number of this car is 593350." It is found that the latter number was commonly used by the manufacturers, repair shops, insurance agents and by the Secretary of State to identify the Ford car until the year 1916, when such cars began to appear

in this section without such number plate on the body; that some-times the engine number is used for the purpose of identification and that usually the manufacturer's number is employed to identify the assembled units. The defendant did not claim that there was any universal rule as to the use of any particular number for the purpose of identification. The automobile re-plevied was the one sold by the plaintiff to Baldwin on November 2, 1915, and was the one intended to be mortgaged. The court found that its identity could have been easily established by inquiries suggested in the description contained in the mortgage.

In view of the findings there seems to be little room for doubt as to the validity of this mortgage against third persons, when we apply the well recognized test in such cases that the description is sufficient if such that the property can be iden-tified by reference to the instrument, aided by such inquiries as it suggests. *Wells* v. *Blodgett, ante p.* 332, 101 Atl. 146, and cases there cited. The only room for doubt arises from the desig-nation of the automobile by a number which, at the most, would not ordinarily be employed for the purposes of identification. But this alone is not enough to nullify the notice that the mort-gage would impart. The instrument must be construed together in view of all its parts so that every part may be effectual. 5 R. C. L. 422. The number used actually appeared upon the car and was one sometimes employed for identification. So far as appears the defendant was not misled thereby. However, the inquiries suggested by the instrument would correct any misapprehen-sion that the number could have created and afforded ample basis of identification, notwithstanding the confusion which may have been occasioned by the presence of other numbers.

The defendant's construction of the findings savors too much of special pleading. It is said that it is not found that the car was a "Ford Touring Automobile," nor that it was a "Model T." To be sure the expressions are not used in the findings; but the car is termed a "Ford automobile" and its identity with the car intended to be mortgaged is expressly found. The identity being established, the only question is the sufficiency of the de-scription to give the defendant constructive notice that this particular automobile was mortgaged.

The defendant was bound to know from the record of the mortgage that a Ford touring automobile of a certain model and number, purchased by Baldwin of the plaintiff on a certain

day, then in Baldwin's possession, and being the only automobile that he then owned, was the same day mortgaged to the plaintiff. Aided by the inquiries which this description suggests, the defendant would certainly have been able, upon reasonable investigation, to ascertain that the automobile he was about to purchase of the mortgagor was the one that had been mortgaged to the plaintiff. This is all that is required to give the description *prima facie* validity. Having failed to procure findings that take away the *prima facie* effect of the description, the defendant is not in a position to question the judgment.

*Judgment affirmed.*