GEORGE A. HUMPHREY *v.* O. A. WHEELER.

May Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed October 2, 1918.

*Constructive Possession by Officer—Attachment—Sufficiency of Return—Record—Evidence—Findings of Fact—Attachable Interest.*

To give an officer constructive possession of property attached, it is necessary that it be described in the return with reasonable certainty, that is, that the property be therein sufficiently pointed out to enable the debtor, and those with whom he may deal, to be informed that it is attached. Hence the attachment of a less number of cows, and articles of personal property, than the defendant owned, with nothing to show which particular ones were attached creates no lien thereon.

The record of an attachment, required to be made by P. S. 1456, is public in character, and a duly certified copy is admissible in evidence.

A finding that a meat cart mentioned in an officer's return of attachment was sold conditionally to the defendant, and that at the time of the attachment and ever since, the conditional vendors had a valid vendors' lien thereon for the unpaid purchase money, more than the value of the cart, shows that defendant had no attachable interest therein.

A finding that a spring tooth harrow mentioned in an officer's return of attachment was sold conditionally to defendant, and that the vendor had, at the time of the attachment and ever since, a valid vendor's lien thereon for the full amount of the purchase price, is equivalent to a finding that the amount of the lien is all the harrow is worth, and the defendant had no attachable interest therein.

A return which names as attached "one spike tooth harrow," located in the town of Glover, with no further description or location given, is not sufficient to create an attachment lien thereon, in the absence of extrinsic evidence showing that the debtor had only the one harrow in the town named.

TORT FOR CONVERSION. Plea, the general issue. Trial by the Orleans County Municipal Court, *H. B. Cushman,* Judge. Judgment, on facts found by the court, for plaintiff. Defendant excepted.

The plaintiff was a constable and brought the action to recover for the alleged conversion of personal property, claimed to have been attached by him, on a writ placed in his hands for service and described in his return upon the writ. The opinion states the case.

*Frank D. Thompson* for defendant.

*W. W. Reirden* for plaintiff.

WATSON, C. J. The findings show that at the time of the attachment the defendant owned and had on his farm in Glover seven cows, fifty-two bunches of clapboards, several bushel baskets, several Fairbanks' platform scales, two hundred and eighty-seven cedar posts, and about three hundred bushels of potatoes. The attachment was of five cows, forty-two bunches of clapboards, one bushel basket, one Fairbanks' platform scales,

two hundred cedar posts, and one hundred and fifty bushels of potatoes. Applying the officer's return to the actual state of defendant's property, the attachment as to these articles or kinds of property cannot be maintained; for as to each, the defendant had more in number than were attached, and there is nothing showing which were attached, and therefore no lien was created thereon. To give the officer constructive possession of the property attached, it was necessary that it be described in the return with reasonable certainty. And such certainty requires that the property be sufficiently pointed out to enable the debtor, and those with whom he may deal, to be informed that it is attached. *Bucklin* v. *Crampton*, 20 Vt. 261; *Fullam* v. *Stearns*, 30 Vt. 443; *Pond* v. *Baker*, 55 Vt. 400; *Barron* v. *Smith*, 63 Vt. 121, 21 Atl. 269; *Stearns* v. *Silsby*, 74 Vt. 68, 52 Atl. 115.

The court received in evidence, subject to defendant's exception, a certified copy of the writ in the case of *Merriam & Son* v. *O. A. Wheeler*, and the officer's return thereon, lodged by the plaintiff in the town clerk's office in Glover, in making the attachment in question. The reception of this evidence was not error. When a copy of a writ of attachment upon which personal property is attached, is lodged in the office of the town clerk, such clerk is required by law to make a record thereof in a book kept for that purpose. P. S. 1456. The record thus required to be made, is public in character, and a duly certified copy is admissible in evidence. *Bond* v. *Campbell*, 56 Vt. 674; *McKinstry* v. *Collins*, 74 Vt. 147, 52 Atl. 438; *Ripton* v. *Brandon*, 80 Vt. 234, 67 Atl. 541.

It is found that the meat cart mentioned in the return effecting the attachment, was sold conditionally to the defendant by Taplin and Rowell of Barton, this State, and at the time of the attachment they had and have ever since had, a valid vendor's lien on the same for unpaid purchase money, more in amount than the value of the meat cart. This shows that the defendant did not have at the time of the attachment, nor has he since had, any attachable interest therein.

It is also found that the spring tooth harrow mentioned in the return was sold conditionally to the defendant by F. S. Whitcher of Barton, and at the time of the attachment the latter had and has ever since had, a valid vendor's lien on the same for the full amount of the purchase price. While this finding is not in terms that the amount of the lien is all the harrow is

worth, it is equivalent to that, for it is inconceivable that an implement of agriculture in use on a farm, appreciates in value. The defendant, therefore, had no attachable interest in this harrow. Obviously this was the view of the plaintiff and the attaching creditors, for in this instance as well as in that of the meat cart, neither of them ever paid or tendered to the vendor the amount due on the lien.

The return names as attached "one spike tooth harrow," but it gives no other description of it, nor is its location given more definitely than in the town of Glover. No evidence was offered as to whether the defendant had more than one such harrow in that town at the time of the attachment. In this respect the return was like that relating to the hemlock bark in the case of *West River Bank* v. *Gorham,* 38 Vt. 649, which was held to be too indefinite as to the location of the property to effect any attachment thereon. Again in *Stearns* v. *Silsby,* cited above, it was held that such a return, supplemented by extrinsic evidence showing that the debtor had only the two horses and surrey sued for, in the town in which the attachment was made, was sufficient. There the court discussed the distinction at some length, and made plain the essentiality of such supplemental showing, in order to give reasonable certainty to the description of the property in such a return. It follows that the return as to the spike tooth harrow, was not sufficient to create any lien thereon.

The foregoing being determinative of the case, no other question raised by the defendant is considered.

*Judgment reversed, and judgment for the defendant to recover his costs.*