SARGENT, OSGOOD & ROUNDY CO. *v.* JOHN B. KELLEY ET AL.

January Term, 1926.

Present:  WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed February 11, 1926.

*Chattel Mortgages—Description of Mortgaged Property—Sufficiency—Validity of Mortgage as to Third Person—Effect of Change of Mortgagor's Residence in State.*

1.  In determining whether description of property in chattel mortgage is sufficient, whole description must be taken together.
2.  Description in chattel mortgage, to be effective as against third persons, must point out subject-matter of mortgage with sufficient particularity so that a third person, by its aid; together with such inquiries as instrument itself suggests, may identify property.
3.  Description in chattel mortgage *held* sufficient to put third persons upon inquiry to identify property mortgaged.
4.  Where valid chattel mortgage on an automobile was duly recorded in town where mortgagor resided at time of its execution in accordance with requirements of G. L. 2787, and mortgagor subsequently moved to another town in State, purchaser of such automobile from him who failed to ascertain former residence of seller and from whom and when seller obtained title, could not complain of want of notice of such outstanding mortgage.

ACTION OF TORT for conversion of mortgaged property. Plea, general issue.  Trial by court at the June Term, 1925, Orange County, *Moulton,* J., presiding.  Judgment for the defendants.  The plaintiff excepted.  The opinion states the case. *Reversed, and judgment for plaintiff.*

*March M. Wilson* for the plaintiff.

*Edward C. Dufficy* for the defendants.

BUTLER, J.  This is a complaint in tort for the alleged conversion of a Chevrolet automobile.  The trial was by court, judgment for defendants.  The plaintiff excepted.

The plaintiff holds a chattel mortgage on the automobile executed May 27, 1921, by one W. H. Graham. The automobile was described in the mortgage as ''one Chevrolet touring car, model 490. Being all and the only such I have answering to this description, kept at my home in Braintree.''

The court finds that the mortgage was duly recorded in the town of Braintree on May 28, 1921, and that the automobile was the only car that Graham had at the time he executed the mortgage, and was then kept at his home place in Braintree.

Subsequent to the date and record of the mortgage, Graham removed from his home in Braintree, taking the automobile with him, and went to live in Barre. On or about May 1, 1922, after going to Barre to live, he sold the automobile to the defendants, who also lived and had their place of business at Barre. The defendants had no actual notice of the existence of the mortgage, and the court says it is unable to find ''that there are any facts which would put them on inquiry as to this matter.'' But the identity of the automobile, in fact, is unquestioned, and the right of the plaintiff to recover is made dependent wholly on the description given in the mortgage. The failure of the court to find that the defendants knew or ought to have known that Graham ever lived or had a farm in Braintree, cannot affect the result.

The sole question here presented is as to the sufficiency of the description in the mortgage as against defendants, who, according to the findings, must be treated as innocent purchasers for value.

[1] It is found that the words ''model 490'' do not refer to or describe any particular automobile, but mean only that the car was one of a certain model or design of which model there were many automobiles of that make. It is urged that such description does not apply to any particular automobile and is not sufficient to enable one to discover or hold the property. But this does not comprise all of the description contained in the mortgage, as will be seen by the clause above quoted. The whole description must be taken together. *Wright* v. *Lindsay,* 92 Vt. 335, 104 Atl. 148.

[2] It is a well-recognized rule that to be effectual as against a third person, the mortgage must point out with sufficient particularity the subject-matter of it, so that a third person, by its aid, together with the aid of such inquiries as the

instrument itself suggests, may identify the property. If the description answers that rule, it is sufficient. *Parker* v. *Chase et al.,* 62 Vt. 206, 20 Atl. 198, 22 A. S. R. 99; *Wells* v. *Blodgett,* 92 Vt. 330, 104 Atl. 146; *Wright* v. *Lindsay, supra.*

[3]   Had the defendants made proper inquiry, it would seem that, aided by the description contained in the mortgage, it would have been easy to have ascertained when and where and of whom Graham obtained the automobile and that this particular automobile was at the time the mortgage was given, kept by him at his home in Braintree, and that it was the only one he had, at that time, answering the description given in the mortgage, if such were the facts. The description in the mortgage giving the location of the property is an important element, and is obviously a suggestion which, with other slight details, will enable one to identify the property if he follows the suggestion with due diligence. *Joslyn* v. *Moose River Lumber Co.,* 83 Vt. 49, 52, 74 Atl. 385, 138 A. S. R. 1067, 21 Ann. Cas. 1024; *Shum* v. *Claghorn,* 69 Vt. 45, 37 Atl. 236; *Stearns* v. *Silsby,* 74 Vt. 68, 52 Atl. 115. The mortgage obviously suggests such a course. When applied, this description seems to answer the requirements of the rule. *Huse* v. *Estabrooks,* 67 Vt. 223, 31 Atl. 293, 48 A. S. R. 810; *Desany* v. *Thorp,* 70 Vt. 31, 39 Atl. 309.

Being sufficient, as to innocent purchasers, when executed, it is good everywhere in Vermont, notwithstanding that the mortgagor went to reside elsewhere. The fact that Graham moved away from Braintree and took with him the automobile, cannot affect the validity of the mortgage, if valid when executed and delivered.

[4]   Under our statute, such mortgages are required to be recorded in the town clerk's office in the town where the mortgagor resides at the time of making it, if a resident of this State. G. L. 2787. One who purchases an automobile and fails to ascertain the former residence of the seller, when and from whom the seller obtained title, cannot well complain of the want of notice of the mortgage outstanding and duly recorded as required by law. Any other holding would make the record of little value. The law makes the record sufficient notice to every-one of what is there shown. *Wright* v. *Lindsay, supra.* Jones on Mortgages, § 260, and cases there cited.

There is no merit in the claim that the article being an automobile and readily moved from place to place, should be

made an exception to the general rules as laid down by the courts.

The case finds that the value of the automobile at the time of the sale to the defendants was one hundred and fifty dollars, and that the amount due on the mortgage to the plaintiff at that time was in excess of the value of the car, and that it was overdue and still unpaid. And there appears to be no reason why final judgment may not be rendered here.

*Judgment reversed, and judgment for the plaintiff to recover $150.00 and interest from the date of the writ with costs.*