Argued October 2, affirmed November 13, 1928.

J. L. COOK *v.* E. E. VAN BUSKIRK ET Ux.

(271 Pac. 728.)

For appellants there was a brief and oral argument by *Mr. D. D. Hail.*

For respondent there was a brief over the names of *Messrs. McGuirk & Schneider, Messrs. Joseph, Haney & Littlefield, Mr. R. C. Bradshaw* and *Mr. Carl Travis,* with an oral argument by *Mr. C. G. Schneider.*

BEAN, J.—This is a suit to foreclose a conditional sales contract and note. Defendants appeal from a decree in favor of plaintiff.

On July 27, 1925, defendants executed to plaintiff a conditional sales contract and note in which the defendants promised and agreed to pay to plaintiff the sum of $3,524.32, payable $874.40 August 10, 1925, $50 on August 10, 1925, and $50 a month thereafter, together with interest at the rate of 8 per cent.

It was stipulated in the contract that the note represented the purchase price of certain personal property therein described, the title to which was reserved in the plaintiff, with possession to remain in the defendants until payment of the note.

The property consisted of garage equipment "and all small tools then located in that certain building of the party of the second part known as Cook's Garage at Troutdale, Multnomah County, Oregon."

At the time of the execution of the contract it was agreed between the plaintiff that the defendants should have a credit of $874.40 upon the conditional

sales contract note as a full settlement of all former accounts.

Thereafter, on the 10th of August, 1925, and on the 10th of September, 25th of September, and also on the 4th of November, 1925, defendants paid on said contract the sum of $50, making a total of $150; and also paid the interest due upon the contract to the 10th of November, 1925. No further payments were made and on or about the 18th of December following this suit was instituted.

The complaint sets forth the conditional sales contract and the facts as stated above.

The defendants allege, in what they term a plea in abatement as supplementary to their answer, that at the date of the commencement of this suit they had paid on said contract and note the sum of $1,276.80, and also allege a counterclaim on an account in the sum of $97.96.

The answer denies "each and every allegation in plaintiff's complaint and the whole thereof and each and every part thereof and allege that all claims described in plaintiff's complaint have been paid in full." This taken with the supplementary answer, or plea in abatement, can be construed to mean only that the claims of plaintiff have been paid as set forth in the plea in abatement, so called.

It is immaterial how we designate this pleading. The question in this case is, Were the defendants in default at the time of the commencement of this suit? If they were not, the suit cannot be maintained. If they were in default in their payments, the decree of the lower court should be affirmed.

The other questions raised have no merit. The testimony on the part of plaintiff is direct and positive that the $874.40 was credited on the contract pursuant

to settlement made on July 26, 1925. This appears to have been the reason why they made that amount due on August 10th and credited the same on the contract.

The $50 monthly payments were made for the three succeeding months. The interest was paid on the contract to November 10, 1925, and nothing further was paid, there being two monthly payments in arrears and the interest for one month, at the time of the suit.

The defendant, E. E. Van Buskirk, claims $78 in addition to the $874.40 credited on the contract, on account of former transactions. The testimony does not show that he is entitled to such credit. He also claims that in October of that year there was due $174.40 on account, but he does not appear to have knowledge of the accounts, and states that his wife kept his books in the garage. She was not called as a witness.

The plaintiff shows by receipts and by his testimony that he made monthly payments of his accounts and that the defendant is not entitled to such credit, except $2.73 on account, which was admitted by plaintiff and allowed by the trial court.

■ The defendants complain because the court permitted the plaintiff to amend his complaint which was in a form which indicated that it was a complaint in an action at law. All of the material facts in regard to the cause were set forth and the plaintiff was permitted to amend, so as to make it appear plainly that it was a suit to foreclose the contract. This was plaintiff's statutory right. There was no error in such ruling.

Section 390, Or. L., provides in part that no cause shall be dismissed for having been brought on the

wrong side of the court. The plaintiff shall have the right to amend his pleadings to obviate any objection on that account.

■ The defendants raise an objection as to the description of the personal property contained in the conditional sales contract. It is written plainly in the contract that all of the personalty then conditionally sold by plaintiff to defendants was embraced therein. Taking the instrument by its four corners, this is its true signification.

■ As between the parties, the description of the chattels in a mortgage or a conditional sales contract is sufficient if it so identifies the chattels that the mortgagee may say, with a reasonable degree of certainty, what property is subject to his lien, and a specific description is unnecessary in cases not involving the rights of strangers, without notice: Jones on Chattel Mortgages (5 ed.), § 55.

■ While the courts recognize well-established principles for determining the sufficiency of the description of the property, they also recognize the impossibility of fixing inflexible rules therefor. Further, the rules generally applicable to chattel mortgages as to description are less rigid than those applied to conveyances of realty: *Hardaway* v. *Jones,* 100 Va. 481, 483 (41 S. E. 957); 11 C. J. 456, § 78.

Under the provisions of the note, the default in payments accelerated the whole of said note.

■ By the contract the defendants agreed to pay as rental, and for the use of the property, any balance remaining unpaid after the sale of the personal property to satisfy the note in case of default. The plaintiff was entitled to judgment for the full amount of the note remaining unpaid. We have carefully read

the testimony and agree with the learned trial judge in regard to the facts found.

The decree was right and is affirmed.

AFFIRMED.

RAND, C. J., and BROWN and BELT, JJ., concur.