JAMES H. PINKHAM *vs.* COMMERCIAL ACCEPTANCE CORPORATION.

Cumberland.      Opinion May 6, 1929.

*Berman & Berman,* for plaintiff.
*Abraham Breitbard,*
*Max L. Pinansky,* for defendant.

SITTING: WILSON, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

DUNN, J.   An action of replevin, heard (jury waived) in the Superior Court for Cumberland county, with the right of exception reserved. Under the general issue, defendant pleaded title in itself and traversed title in plaintiff. The court ruled that, on the right to immediate possession, the plaintiff had not made his case. An exception saved the point.

In Maine, on February 6, 1928, a bargain was made concerning an automobile, the seller and the buyer intending to consummate a conditional-sale agreement, which would be incorporated by reference in a purchase-price note. The serial number of the automobile, distinguishing it from all other automobiles of the same make, was 779690. The seller delivered that automobile into the possession of the buyer. The buyer executed to the seller a conditional-sale agreement, sufficiently describing the automobile which had been delivered to him, except as to the serial number, this being given as 779610.

There is a statute that, to be valid, an agreement, that the property or title to a bargained and delivered chattel shall remain that

of the seller till paid for, must be in writing and signed by the person to be bound thereby. R. S., Chap. 114, Sec. 8.

The buyer did not sign a writing that the title to the particular automobile, bargained and delivered to him, should, pending payment, remain in the seller. The agreement which the buyer signed related to the title to a very similar, but none the less a very different, automobile.

It matters not that the error, for such the ruling judge apparently found it to be, might have resulted from mutual mistake on the part of the parties to the transaction. The instrument must, until duly reformed, be interpreted according to its terms. *Martin* v. *Smith*, 102 Me., 27.

The imperative provision of the statute being unmet, no conditional sale was effected, but a sale was made on credit. See, in strong analogy, *Holt* v. *Knowlton*, 86 Me., 456. See, too, less strongly, but nevertheless pertinently, in its sentence, "The note does not refer to the wagon." *Boynton* v. *Libby*, 62 Me., 253.

The seller undertook to sell the automobile 779690 again, this time to the plaintiff, but the undertaking was to no purpose.

*Exceptions overruled.*