S. W. Gould *vs.* Seldon S. Huff.

Somerset.      Opinion May 4, 1931.

*Gower & Eames*, for plaintiff.
*Merrill & Merrill*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

STURGIS, J.   Trover for the conversion of a Holstein cow. The plaintiff claims title and right of possession under a conditional sales agreement given by one Millard Palmer, from whom the defendant bought the cow. The presiding Judge excluded the instrument for (1) insufficiency of description and (2) lack of preliminary proof of actual knowledge on the part of the defendant of the existence of the conditional sale and the property it included. To these rulings and the direction of a verdict for the defendant exceptions were reserved.

The Bill of Exceptions discloses that March 21, 1927, the plaintiff delivered four Holstein cows to Palmer upon receipt of his note and included agreement of the following tenor:

"$370 —                            Skowhegan Mar 21 1927
Four months after date I promise to pay to the order of S. W. Gould Three hundred and seventy dollars and interest
Value received The four Holstein cows for which the above note is given are to remain the property of said Gould until said note and interest is fully paid.
No.                 Due                 Millard Palmer"

After the instrument was duly and seasonably recorded, Frank T. Palmer, father of the conditional vendee, apparently with the latter's consent, sold one of the cows to the defendant. No part of the note has been paid. Demand was made before suit.

The instrument upon which the plaintiff relies is a conditional sales agreement and, as written, is usually termed in this state a Holmes note. To have validity as between the original parties, the agreement must be in writing and signed by the person to be bound thereby, and as to third persons, it must also be recorded. R. S. (1916), Chap. 114, Sec. 8.

The provisions of this statute as to the form and execution of a

conditional sales agreement are imperative. If unmet, no conditional sale is effected. *Pinkham* v. *Acceptance Corporation*, 128 Me., 139; *Holt* v. *Knowlton*, 86 Me., 456; *Boynton* v. *Libby*, 62 Me., 253. Context and reason demands the application of the same rule to the requirements of record. As to third persons, a conditional sales agreement is a nullity unless duly recorded. It seems to be generally accepted that the same rule of description which applies to a chattel mortgage determines the sufficiency of the description in a conditional sales agreement. *Furniture Co.* v. *Furniture Co.*, 120 Ga., 879, 48 S. E., 333; *Motor Co.* v. *Motor Co.*, 197 N. C., 371; *Cook* v. *Van Buskirk et ux*, 127 Ore., 206; *Stoll* v. *Schneider*, 158 Tenn., 341; *Rogers* v. *Whitney*, 91 Vt., 79.

A chattel mortgage is sufficiently definite and, when recorded, is constructive notice to third persons, if its description is such as will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property. Jones on Chattel Mortgages, Sec, 53 et seq; 5 R. C. L., 422; 11 C. J., 457; *Elder* v. *Miller*, 60 Me., 118; *Harding* v. *Coburn*, 12 Metc. (Mass.), 333; *Brooks* v. *Aldrich*, 17 N. H., 443; *Roundy Co.* v. *Kelley et al*, 99 Vt., 350.

Under this rule, a statement of the location of the goods enumerated in a mortgage is held to furnish a sufficient description, *Cayford* v. *Brickett*, 89 Me., 77; *Elder* v. *Miller*, supra; *Bank* v. *Farrar*, 46 Me., 293; *Burditt* v. *Hunt*, 25 Me., 419; so also a statement of the color and age of animals enumerated, *Connally* v. *Spragins*, 66 Ala., 258; *Bank* v. *Spicer*, 10 Ga. App., 503; *Rawlins* v. *Kennard & Son*, 26 Neb., 181; *Shum* v. *Claghorn*, 69 Vt., 45; or "a dark bay mare," *Burns* v. *Harris*, 66 Ind., 536; and "forty-one Berkshire hogs and sixty-five grain-sacks," *Knapp* v. *Deitz*, 64 Wis., 31; or the person owning or from whom the animals or goods were purchased, *Furniture Co.* v. *Furniture Co.* (Ga.), supra; *Nichols* v. *Hampton*, 46 Ga., 253; *Pettis* v. *Kellogg*, 7 Cush. (Mass.), 456; *Brooks* v. *Aldrich*, supra. And in *Simmons* v. *Carroll*, 232 Mass., 428, an enumeration of animals and articles mortgaged, with neither statement of location nor ownership, but with a provision that the mortgagor was not to remove the property from a given town without the consent of the mortgagee, was held sufficient.

The Holmes note here involved must be construed as an entirety, each part read in the light of the other so that, if reasonably possible, every part may be made effectual. 5 R. C. L., 422. The note part of the instrument states the date and the place of the transaction. The cows conditionally sold are those "for which the above note is given." "Holstein," in its adjective use, gives notice of breed and general color and markings. The sex of the animals is indicated. And with the attending presumption of title in the vendor and the inference of transfer of possession to the conditional vendee to be drawn from the instrument, the description can not be deemed insufficient as a matter of law. Aided by the inquiries which this recorded description suggests, the defendant would certainly have been able, upon reasonable investigation, to have ascertained that the Holstein cow in the possession of Millard Palmer, which he was about to purchase, was included in this Holmes note given the plaintiff. This is all that is required to give the description *prima facie* validity and warrant the admission of the note in evidence. The plaintiff should have been allowed to introduce his Holmes note and the question of fact as to the identity of the cow purchased by the defendant, as one of those included in the description of the note, submitted to the jury.

The defendant's second Exception needs brief consideration. Authorities support the view that a third person who has actual knowledge of the existence of a chattel mortgage and of the property affected thereby can not avail himself of any lack of sufficiency of description as could one to whom constructive notice alone was attributable. Persons with actual knowledge of the property covered by the mortgage stand in no better position than the mortgagor in respect to their right to object to an insufficient description. *Bank* v. *Freeman*, 171 U. S., 620; *Fenby* v. *Hunt*, 53 Wash., 127; 11 C. J., 460 and cases cited. This rule may well be applied to conditional sales agreements.

Actual knowledge, which will cure insufficiency of description in a mortgage is a question of fact for the jury, however, not for the court. It bears directly upon a vital issue between the parties. It is not a preliminary question upon which the admissibility of the mortgage instrument itself depends. The proper procedure in such a case, we think, is to admit both the mortgage and facts bearing

on the defendant's knowledge, leaving the question of the sufficiency of the proof for the jury under proper instructions. Noncompliance with this rule of evidence, in the trial of this cause, was error, but without prejudice to the plaintiff. The sufficiency of the description in the note made proof of the defendant's actual knowledge of its existence and the property covered by it unnecessary.

The Exception to a directed verdict requires no discussion. The exclusion of the Holmes note entitles the plaintiff to a new trial. The entry is

*Exceptions sustained.*