## In re RATCLIFF.

No. 4701.

District Court, W. D. Louisiana, Shreveport Division.

Dec. 31, 1932.

Herold, Cousin & Herold, of Shreveport, La., for Mrs. Grace Ratcliff Scott, Claimant.

Robert L. Garrett, of Shreveport, La., for trustee in bankruptcy.

J. M. Grimmet, of Shreveport, La., referee in bankruptcy.

DAWKINS, District Judge.

This is an application by the trustee for a review of the ruling of the referee upon the claim of Mrs. Grace Ratcliff Scott, daughter of the bankrupt, wherein a chattel mortgage upon an automobile was sustained.

The only question involved is as to whether the description was sufficient to identify the car under the state chattel mortgage law. It was described as "one Packard Coupé Automobile, color dark brown, 1929 model."

The applicable provision is section 2 of the statute (Act No. 198 of the Louisiana Legislature of 1918, page 372), which reads as follows: "That every such mortgage of property mentioned in Section 1 shall be in writing, *setting out a full description of said property to be mortgaged, so that same may be identified,* and also stating definitely the time when the obligation shall mature. In order to affect third persons without notice, said instrument must be passed by notarial act and the original or a certified copy thereof shall be recorded " ' ? in the parish where the property shall then be situated, and also in the parish in which the mortgagor is a resident." (Italics by the writer of this opinion.)

All mortgages under the state law are to be strictly construed and must so describe the property as to permit identification without outside assistance except such as is otherwise admissible under the general law of evidence (Rev. Civ. Code, arts. 3283 and 3306), such for instance, as where real estate is mortgaged, it would be permissible to prove the identity of a tract of land by the name it was generally known, such as the "Oak Lawn Plantation." The clear purpose of the chattel mortgage law was to require such description as would make it possible to identify the property, in order to prevent duplication of liens upon the same object or the substitution of one article for another. In the case of an automobile this can be done very readily in the usual and well-known manner of giving the motor and serial numbers, which identify both the machinery and body of the car. In fact, this is so well recognized that in many instances the original motor number has been restored under modern process after it had been filed off, with such certainty as to sustain conviction of theft of an automobile in a criminal case. On the other hand, the description in the present case is such that, no doubt, thousands of identical cars were made by the Packard Company of this model and the same color in 1929. If the description in this case is sufficient, because it was shown that the bankrupt owned only one car at the time the mortgage was given, it would seem

that the same contention could be made with equal force, if it had read, "One brown coupé automobile," or "One brown automobile," or "One automobile." If the description can be supplemented in the manner contended for in the one instance, I see no reason why it could not in the other for the difference is only one of degree.

The case mainly relied on for the claimant and by the referee is that of Soady Building Company, Limited, v. Collins et al. (American National Bank, Intervener), 18 La. App. 164, 137 So. 631. There the property mortgaged was described as so many chairs, so many heaters, etc., all located in the Boise Hotel, 619½ Market street, and it was found the property could not be described in any other way, hence the mortgage was sustained. On the other hand, in the case of Valley Securities Co. v. De Roussel et al., 16 La. App. 115, 133 So. 405, 406, with reference to automobiles, it was said: "Where automobiles are manufactured by the thousands by the various automobile syndicates, there must be some differentiating marks by which they can be identified. The identification of automobiles upon which state licenses are issued are guided by the name and make of the car and the motor and serial numbers. The motor and serial numbers on automobiles are the distinctive marks by which cars of the same make and manufacture are identified one from the other. Failure to properly give the motor and serial numbers of the mortgaged automobile is not a sufficient compliance with the provisions of Act No. 198 of 1918 and definite enough description to operate as constructive notice to third persons of the mortgage on the automobile."

The chattel mortgage law has also been construed and the necessity for describing the property emphasized by the Supreme Court of this state, in the cases of Durel v. Buchanan, 147 La. 804, 86 So. 189, and Continental Bank & Trust Co. v. Succession of McCann, 151 La. 555, 92 So. 55.

The right of the trustee to contest the validity of the chattel mortgage, in the interest of general creditors, appears to be beyond question since the amendment of the Bankruptcy Law of 1910 (see 11 USCA § 75). See Collier on Bankruptcy (13th Ed.), vol. II, p. 1052, and authorities cited in footnotes.

My view is that the ruling of the referee should be set aside and the claim of a lien under the act of mortgage denied.

Proper decree should be presented.