In the Matter of **MARSHALL ENGINEERING CO., Bankrupt.**

No. 21–41.

United States District Court
D. Maine, S. D.
Jan. 29, 1963.

814

Nathan W. Thompson, Portland, Me., Peter A. Isaacson, Lewiston, Me., for petitioner.

Harold Modes, Silas Jacobson, Portland, Me., for trustee.

GIGNOUX, District Judge.

This matter is before the Court upon a petition by the Casco Bank & Trust Company for review of an order of the referee in bankruptcy declaring invalid a chattel mortgage held by the Bank.

The facts as found by the referee are undisputed. On November 16, 1960 the bankrupt, Marshall Engineering Co., purchased a 2-door 1961 Ford Thunderbird from Portland Motor Sales. The purchase was financed by the Bank, to which Marshall gave its note for $3,411, secured by a chattel mortgage on the car. Marshall owned no other car. The mortgage was duly recorded in Portland, and on May 10, 1961, the day on which Marshall filed its voluntary petition in bankruptcy, there was outstanding an unpaid balance of $2,752.30, now claimed by the Bank in this proceeding. At a public sale ordered by the referee, the car was sold free and clear of liens for $3,275. The order authorizing the sale provided that the rights of any secured creditors should be transferred to the proceeds.

The sole question presented by this petition is whether or not the description of the automobile contained in the chattel mortgage was, as the referee concluded,

" * * * misleading and hence an insufficient description", which would have rendered the mortgage invalid under the Maine chattel mortgage recording statute, Rev.Stat.Me.1954, ch. 178, § 1, as against a hypothetical lien creditor as of the date of bankruptcy, and which therefore rendered the mortgage invalid as against the trustee in bankruptcy under Section 70, sub. c of the Bankruptcy Act. 11 U.S.C. § 110, sub. c.

The mortgage description was as follows:

1961 Ford Thunderbird
2 Door
M No. 1471Z-102815
S No. the same

In fact, the correct number was 1Y71Z-102815. (Emphasis added.)

Testimony of Ford representatives before the referee established that the second symbol in the serial and motor numbers of a 1961 Ford Thunderbird designates the place where the car was assembled and that all Ford Thunderbirds are assembled at Ford's Wixom, Michigan plant and have the letter "Y" in their serial and motor numbers; that the rest of the digits preceding the hyphen indicate the model year, body style and engine type, respectively; and that only those digits which follow the hyphen indicate the unit number, and that they alone are unique to a particular car.

In this proceeding, as before the referee, the trustee relies chiefly upon the case of Pinkham v. Commercial Credit Corp., 128 Me. 139, 145 A. 900 (1929), which he contends is controlling here. In Pinkham, the Maine court held invalid as against a subsequent purchaser a conditional sales contract purporting to cover a Hudson automobile with Serial No. 779690, which was erroneously described in the recorded instrument as a Hudson automobile with Serial No. 779610. In holding the description insufficient, the Court stated, "The agreement which the buyer signed related to the title to a very similar, but none the

less a very different, automobile." 128 Me. at 141, 145 A. at 901.[1]

The Bank does not argue with the decision in the Pinkham case, but attempts to distinguish it on the ground that the first five symbols (before the hyphen) in the serial number of a 1961 Ford Thunderbird are not in any way essential to its identification, and that in fact the 1961 Thunderbird here involved could have been positively identified in spite of the error.[2] In support of its position, the Bank points to the principle laid down by the Maine court two years later in the case of Gould v. Huff, 130 Me. 226, 154 A. 574 (1931), that the description in a chattel mortgage is sufficiently definite if it "will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property". 130 Me. at 228,[3] 154 A. at 576.

While ingenious, the Bank's argument is not persuasive. It is well known, as the referee in this case found, that the universal practice in the automobile industry is to identify cars, which may otherwise be indistinguishable, by the use of serial numbers. In re Ratcliff, 2 F.Supp. 193 (W.D.La.1932); Wise v. Kennedy, 248 Mass. 83, 142 N.E. 755 (1924); 7A Blashfield, op. cit. supra note 1, § 4684. Recognition of this practice by the Maine court is implicit in its decision in Pinkham. The parties agree that

positive identification of the 1961 Thunderbird involved in this case depended upon a comparison of the serial number designated in the security instrument with that on the car itself, and that there was nothing on the face of this mortgage to indicate that any portion of the listed serial number was unnecessary to such identification. While for identification purposes the error contained in the chattel mortgage may have been immaterial to one who understood the Ford numbering system for the year 1961, such specialized knowledge cannot be attributed to the hypothetical lien creditor on the date of bankruptcy by whose rights those of the trustee are governed.[4] Under the law, a third person is merely required to make such *reasonable* investigation as is suggested by the instrument in order to identify the property. Gould v. Huff, supra, 130 Me. at 229, 154 A. at 576. In view of the universal practice of identifying cars by serial numbers, this Court must agree with the referee's conclusion that, " * * * in the absence of any other suggestions as to the identity of a car, * * * such an investigation [does] not require more than a comparison of the numbers as they appear on the car and security instrument."

The Bank further relies in support of its position upon a number of cases which have held that an error in the descrip-

---

1. The rule of the Pinkham case is in accord with the general rule that a mistake in listing the serial number of an automobile is fatal under chattel mortgage and conditional sales recording statutes. 1 Jones, Chattel Mortgages and Conditional Sales § 70 a (Bowers ed. 1933); 7A Blashfield, Automobile Law and Practice § 4684 (perm. ed. 1950).

2. The Bank also seems to argue that the result in the Pinkham case was based upon the existence of another Hudson automobile bearing the incorrect serial number. Nothing in the disclosed record suggests that such was the fact, and a plain reading of the opinion indicates that the basis of the decision was simply that the recorded instrument did not describe the car in question.

3. The Gould case states the rule which is generally applied throughout the coun-

try. 1 Jones, op. cit. supra note 1, § 55.

4. The referee found that only an expert would be familiar with the significance of the various symbols used in the Ford numbering system for its 1961 Thunderbirds. Not only is this finding not "clearly erroneous", but it is clearly compelled by the record before the referee, which revealed that the composition of serial numbers varies among different makes of cars and even as to the same make of car from one year to another. It further appeared that in the NADA Official Used Car Guide (as in the security instrument itself) the entire serial number of the 1961 Ford Thunderbird appears as a single unit and is described as the "identification number" of the vehicle.

tion of mortgaged property is not fatal when the part remaining is otherwise sufficient to suggest inquiries which, if pursued, would enable third persons to identify the property. E. M. Blunt, Inc. v. Giles, 288 Mass. 515, 193 N.E. 43 (1934); Exchange Bank of Kahoka v. Bash, 234 S.W.2d 341 (Mo.App., 1950); Eastern Acceptance Corp. v. Camden Trust Co., 33 N.J. 227, 163 A.2d 134 (1960); 1 Jones, op. cit. supra note 1, §§ 63, 70a. The cases cited by the Bank do not sustain its position on the record here presented. No one of them involved a mistake in the listing of an automobile serial number, and in Blunt v. Giles and Exchange Bank of Kahoka v. Bash, the courts specifically distinguished, as inapplicable to the situations before them, cases holding that automobile serial numbers must be accurately listed in security instruments in order to give notice to third persons. In Eastern Acceptance Corp. v. Camden Trust Co. a description listing the correct motor and serial numbers of an automobile but showing an incorrect make (DeSoto rather than Plymouth) was held sufficient as against a subsequent mortgagee which the court found to have been in no way misled or otherwise prejudiced by the mistake.

The Bank argues that if the mortgage had listed no more than the make and year and the last six digits of the serial number of the car, and these were recorded correctly, the description would have been sufficient under the Gould standard. Cf., Peek v. Wachovia Bank & Trust Co., 242 N.C. 1, 86 S.E.2d 745 (1955) and Sargent, Osgood & Roundy Co. v. Kelley, 99 Vt. 350, 132 Atl. 135 (1926); but cf., In re Ratcliff, supra, and Hauseman Motor Co. v. Napierella, 223 Ky. 433, 3 S. W.2d 1084 (1928). But the Bank here went further by listing all of the symbols in the identification number. By doing so incorrectly, it furnished erroneous information calculated to mislead an innocent person investigating the record. Nothing in Gould or the other authorities cited by the Bank suggests that where

an incorrect description is misleading as to a material means of identification, the error does not vitiate the entire security instrument. In fact, they and other authorities clearly establish otherwise. First National Bank of Brookfield v. Gardner, 222 Mo.App. 858, 5 S.W.2d 1115 (1928); Alberts v. Alberts, 53 S.D. 463, 221 N.W. 80 (1928); Wise v. Kennedy, supra; First Mortgage Loan Co. v. Durfee, 193 Iowa 1142, 188 N.W. 777 (1922); 1 Jones, op. cit. supra note 1, §§ 63, 70 a; 7A Blashfield, op. cit. supra note 1, § 4684; cf., Shepard v. Van Doren, 40 N.M. 380, 60 P.2d 635 (1936).

■■ It may seem harsh to say that the Bank must lose its position as a secured creditor because of an inadvertent error in listing one symbol in the identification number of the car here involved. However, in this Court's view this result is compelled not only by the authorities which have been cited, but by the policy of chattel mortgage recording statutes. These acts contemplate that a mortgage description shall be sufficiently definite and accurate to give notice of prior liens to subsequent purchasers and mortgagees, and to protect them from fraud. Thurlough v. Dresser, 98 Me. 161, 56 A. 654 (1903). Certainty in commercial transactions requires that such persons be entitled to place reasonable reliance upon the completeness and accuracy of the public record. Equity also requires that as between two innocent persons, the burden of a loss should fall upon the one whose mistake caused it. To say that a mortgage on a 1961 Ford Thunderbird Serial No. 1471Z-102815 should put a purchaser or mortgagee of a 1961 Ford Thunderbird Serial Number 1Y71Z-102815 on inquiry as to whether some mistake has been made, and as to whether the mortgage is intended to apply to the same car, would impair the certainty of the public record and seriously diminish the protection the recording statutes are designed to afford to innocent third persons.

The order of the referee is affirmed.